Mark D. Silverschotz (MS 8393)
Michael J. Venditto (MV 6715)
Han J. Ahn (HA 2420)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
*Attorneys for Defendant*
*Metex Mfg. Corporation*





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE
COMPANY; CONTINENTAL INSURANCE
COMPANY, as successor-in-interest to certain
policies issued by HARBOR INSURANCE
COMPANY;

            Plaintiffs,

- against -

TRAVELERS CASUALTY AND SURETY
COMPANY, formerly THE AETNA
CASUALTY AND SURETY COMPANY;
FIREMAN'S FUND INSURANCE
COMPANY; ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY; HARTFORD
ACCIDENT AND INDEMNITY COMPANY;
CENTURY INDEMNITY COMPANY, as
successor to CCI INSURANCE COMPANY,
as successor to INSURANCE COMPANY OF
NORTH AMERICA and INDEMNITY
INSURANCE COMPANY OF NORTH
AMERICA; ACE PROPERTY AND
CASUALTY INSURANCE COMPANY,
formerly CIGNA PROPERTY AND
CASUALTY INSURANCE COMPANY,
formerly AETNA INSURANCE COMPANY;
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA;
AMERICAN HOME ASSURANCE
COMPANY; GRANITE STATE INSURANCE
COMPANY; LIBERTY MUTUAL
INSURANCE COMPANY; FEDERAL
INSURANCE COMPANY; TRANSPORT

Civil Action No. _____

**NOTICE OF REMOVAL**

INSURANCE COMPANY; TIG INSURANCE :
COMPANY, as successor by merger to
INTERNATIONAL INSURANCE :
COMPANY; ROGER A. SEVIGNY, the
Commissioner of Insurance of the State of New :
Hampshire, as Liquidator of THE HOME
INSURANCE COMPANY; STEVEN M. :
GOLDMAN, the Commissioner of Banking
and Insurance of the State of New Jersey, as :
Liquidator of INTEGRITY INSURANCE
COMPANY; ERIC R. DINALLO, :
Superintendent of Insurance of the State of New :
York, as Liquidator of MIDLAND
INSURANCE COMPANY, JOEL ARIO, :
Acting Insurance Commissioner of the State of :
Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY; JOANNE DOES, :
THIRD-PARTY LIABILITY INSURERS,
being carriers other than the aforenamed who :
issued third-party liability insurance to
KENTILE FLOORS, INC.; KENTILE :
FLOORS, INC.; METEX MFG.
CORPORATION; JOHN LESLIE ALLEN; :
CARL BEEL; GILBERT CARRIZALES;
ESTATE OF MARIA CAVALLINI; JOHN :
CAVOUNIS; ROBERT CLARK; ROBERT
DEGLAU; SUSANNE DELISLE; JOHN :
DURO; ESTATE OF HAROLD ELSNER;
EMILY FABINIAK; ANGEL FERNANDEZ; :
ESTATE OF RICHARD FINDLAY;
WILLIAM GALANIS; ESTATE OF :
CHESTER GIESE; ESTATE OF ORVILLE
GROOTEMAAT; ROBERT GUNDERSON; :
ESTATE OF EDSEL HANKA; HARVEY
HELFAND; ESTATE OF VIRGIL HORNER; :
GILBERT IEM; ESTATE OF RICHARD
JEFFERS; HUBERT JOHNSTON; ROBERT :
KENNEMORE; ESTATE OF BERNHARDT
KOEPPEN; ESTATE OF RUDOLPH :
KOLETIC; WALTER KONWAY; GEORGE
LACKMAN; ESTATE OF EMIL LAUF; F. :
LEE LAWRENCE; ESTATE OF WILLIAM
LEITZEL; ESTATE OF FRANK LONGO; :
RONALD MATA; ESTATE OF BRUCE
MAYNARD; PHILLIP MAZZOCCHI; JOHN :
MCTAGGART; ESTATE OF GEORGE
MEANOR; CHARLES MILLER; ESTATE OF :
PETER MISHKO; JACK NACHT; ESTATE
OF NICHOLAS PALAZZO; JOHN PALL; :
THOMAS PAWLOWSKI; ESTATE OF
HOWARD PRATT; WILLIAM PURCELL; :
ESTATE OF EDWARD PUTLOCK; JOHN
RHEIN; ESTATE OF CLAY RICH; ESTATE :

OF LEON ROBERTS; BENITO ROSALES;          :
ESTATE OF RAYMOND ROSWELL;                :
ESTATE OF HOWARD SCHOENFELD;              :
ESTATE OF MARIE SCHONS; STEPHEN           :
SCHWARTZ; EDWARD SEDLACEK;                :
ESTATE OF MORRIS SEGAL; ESTATE OF         :
RICHARD SHANK; ESTATE OF GEORGE           :
SHEPARD; CHARLES SHULL; CARL              :
SOBCZAK; MARILYN STRATTON;                :
ESTATE OF CARL STUDE; ESTATE OF           :
FLORENCE THOMPSON; JAMES                  :
URBACH; ROSE MARY VICARI;                 :
ALBERTO VULTAGGIO; JACK WADE;             :
JAMES WEESE; HOWARD WENZEL;               :
ESTATE OF GEORGE WILENT; ESTATE           :
OF VICTOR YANNOTTI; SYDNEY ZIFF;          :
and JOHN DOES, ASBESTOS CLAIMANTS,        :
being individuals other than the aforementioned :
who settled Asbestos Claims with KENTILE  :
FLOORS, INC., but whose settlements have  :
not been fully funded,                    :
                                          :
                                          :
                    Defendants.           :
                                          :

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1446 and 1452,

defendant Metex Mfg. Corporation ("Metex") hereby removes this action from the

Supreme Court of the State of New York, County of New York, to the United States

District Court for the Southern District of New York. This is a civil action over which

this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b),

and the matter is thus properly removed to this Court.

The grounds for removal are more particularly stated as follows:

## THE STATE COURT ACTION

1.      On April 17, 2008, Plaintiffs, National Fire Insurance Company of Hartford,

as successor by merger to Transcontinental Insurance Company, and Continental Insurance

company, as successor-in-interest to certain policies issued by Harbor Insurance Company,

commenced the above-entitled action in the Supreme Court of the State of New York,

County of New York, Index No. 105522/2008, by the filing of a Summons and Complaint

for Declaratory Judgment and Further Relief (the "Original Summons and Complaint").  A

true and correct copy of the Original Summons and Complaint is attached hereto as Exhibit

A.

       2.     Metex was not served with the Original Summons and Complaint.

       3.     On May 15, 2008, Plaintiffs filed their First Amended Complaint for

Declaratory Judgment and Further Relief (the "Amended Complaint").  A true and correct

copy of the Amended Complaint is attached hereto as Exhibit B.

       4.     On May 21, 2008, the Amended Complaint was served upon the New York

Secretary of State as statutory agent for Metex.

       5.     A copy of the state court docket sheet for this action is attached hereto as

Exhibit C.

### REMOVAL IS TIMELY

       6.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as it

has been filed within thirty (30) days of receipt of a copy of the Amended Complaint by the

New York Secretary of State as statutory agent for Metex.

### SUBJECT MATTER JURISDICTION

       7.     This action may be properly removed to this Court because this Court has

original jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b).

       8.     Plaintiffs' allegations in this action concern the enforcement and

interpretation of (a) one or more orders entered by the Bankruptcy Court for the Southern

District of New York in a pending bankruptcy case (*In re Kentile Floors, Inc., Debtor*.

Chapter 11 Case No. 92B 46466 (BRL)) (the "Bankruptcy Case"), and (b) the plan of

reorganization confirmed therein.  Accordingly, this lawsuit constitutes a civil proceeding

arising under title 11, or arising in or related to a case under title 11. *See* 28 U.S.C. § 1334(b).

## STATEMENT OF THE GROUNDS FOR REMOVAL

9.    Pursuant to section 1129 of the United States Bankruptcy Code, on or about December 15, 1998, in the Bankruptcy Case, the Bankruptcy Court entered an order (the "Confirmation Order") that confirmed the First Amended Joint Plan of Reorganization of the Debtor and the Official Unsecured Creditors' Committee (the "Reorganization Plan").

10.    Metex is the reorganized debtor in the Bankruptcy Case.

11.    Pursuant to the Reorganization Plan, various insurance policies issued by several of the above-captioned Defendants (or their predecessors) provide the sole source of funds for distribution to creditors that hold, *inter alia*, claims for bodily injury allegedly resulting from exposure to asbestos fibers  in floor tiles allegedly manufactured or sold by Kentile ("Asbestos Claims").

12.    In this action, Plaintiff seeks a declaration, *inter alia*, that some holders of Asbestos Claims have no rights to payment from the insurance policies at issue and that Metex is liable for such claims notwithstanding the contrary provisions of the Reorganization Plan approved by the Confirmation Order.

13.    Therefore, this Court has jurisdiction over the instant action because:

(a)    the insurance policies at issue are property of the Kentile Chapter 11 estate pursuant to 11 U.S.C. § 541(a);

(b)    the Amended Complaint relates to the Reorganization Plan confirmed pursuant to Chapter 11 of the United States Bankruptcy Code;

(c)    the prosecution of the Amended Complaint is contrary to, and a violation of, the injunctions set forth in the Reorganization Plan, as approved by the Confirmation Order;

(d)    the Bankruptcy Court has retained jurisdiction over the causes of action and claims asserted in the Amended Complaint; and

(e)    under the Reorganization Plan, the various insurance policies provide the sole basis for distribution to creditors with Asbestos Claims.

## NOTICE

14.    As required by 28 U.S.C. § 1446(d), Metex will give prompt notice of removal to Plaintiffs, through its attorney of record, Edward M. Pinter, at the law firm of FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

15.    As required by 28 U.S.C. § 1446(d) a copy of this Notice will be timely filed with the Clerk of the Supreme Court of the State of New York, New York County.

16.    In filing this Notice of Removal, Metex does not waive any objections it may have to defects in process or service of process or any other defense, including but not limited to, the defense that this action is barred by laches, estoppel, waiver, unclean hands and the applicable statute of limitations.

WHEREFORE Defendant Metex respectfully requests that the above-entitled

action be removed from the Supreme Court of the State of New York, New York County

to this Court.

Dated: June 18, 2008
      New York, New York

                               Respectfully submitted,
                               REED SMITH LLP

                               Mark D. Silverschotz (MS 8393)
                               Michael J. Venditto (MV 6715)
                               Han J. Ahn (HA 2420)
                                 599 Lexington Avenue
                                 New York, NY 10022
                                 Tel. (212) 521-5400
                                 Fax (212) 521-5450

                               *Attorneys for Defendant*
                               *Metex Mfg. Corporation*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE COMPANY;
CONTINENTAL INSURANCE COMPANY, as
successor-in-interest to certain policies issued by
HARBOR INSURANCE COMPANY;

              Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY
COMPANY, formerly THE AETNA CASUALTY AND
SURETY COMPANY; FIREMAN'S FUND
INSURANCE COMPANY; ALLIANZ INSURANCE
COMPANY; HARTFORD ACCIDENT AND
INDEMNITY COMPANY; CENTURY INDEMNITY
COMPANY, as successor to CCI INSURANCE
COMPANY, as successor to INSURANCE COMPANY
OF NORTH AMERICA and INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA;
ACE PROPERTY AND CASUALTY INSURANCE
COMPANY, formerly CIGNA PROPERTY AND
CASUALTY INSURANCE COMPANY, formerly
AETNA INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; AMERICAN HOME ASSURANCE
COMPANY; GRANITE STATE INSURANCE
COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY; FEDERAL INSURANCE COMPANY;
TRANSPORT INSURANCE COMPANY; TIG
INSURANCE COMPANY, as successor by merger to
INTERNATIONAL INSURANCE COMPANY; ROGER
A. SEVIGNY, the Commissioner of Insurance of the
State of New Hampshire, as Liquidator of THE HOME
INSURANCE COMPANY; STEVEN M. GOLDMAN,
the Commissioner of Banking and Insurance of the State
of New Jersey, as Liquidator of INTEGRITY
INSURANCE COMPANY; ERIC R. DINALLO,
Superintendent of Insurance of the State of New York, as
Liquidator of MIDLAND INSURANCE COMPANY;
JOEL ARIO, Acting Insurance Commissioner of the State
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY; JOANNE DOES, THIRD-
PARTY LIABILITY INSURERS, being carriers other

Index No.:

**SUMMONS**

08105522



FILED

APR 17 2008

COUNTY CLERKS OFFICE
NEW YORK

04-17-08    04:42pm    From-Ford Marrin Esposito Witmeyer & Gleser    2123444294    T-747  P.004/008  F-803

than the aforenamed who issued third-party liability
insurance to KENTILE FLOORS, INC.; KENTILE
FLOORS, INC.; METEX MFG. CORPORATION;
JOHN LESLIE ALLEN; CARL BEEL; GILBERT
CARRIZALES; ESTATE OF MARIA CAVALLINI;
JOHN CAVOUNIS; ROBERT CLARK; ROBERT
DEGLAU; SUSANNE DELISLE; JOHN DURO;
ESTATE OF HAROLD ELSNER; EMILY FABINIAK;
ANGEL FERNANDEZ; ESTATE OF RICHARD
FINDLAY; WILLIAM GALANIS; ESTATE OF
CHESTER GIESE; ESTATE OF ORVILLE
GROOTEMAAT; ROBERT GUNDERSON; ESTATE
OF EDSEL HANKA; HARVEY HELFAND; ESTATE
OF VIRGIL HORNER; GILBERT IEM; ESTATE OF
RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT
KENNEMORE; ESTATE OF BERNHARDT
KOEPPEN; ESTATE OF RUDOLPH KOLETIC;
WALTER KONWAY; GEORGE LACKMAN; ESTATE
OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF
WILLIAM LEITZEL; ESTATE OF FRANK LONGO;
RONALD MATA; ESTATE OF BRUCE MAYNARD;
PHILLIP MAZZOCCHI; JOHN MCTAGGART;
ESTATE OF GEORGE MEANOR; CHARLES
MILLER; ESTATE OF PETER MISHKO; JACK
NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN
PALL; THOMAS PAWLOWSKI; ESTATE OF
HOWARD PRATT; WILLIAM PURCELL; ESTATE OF
EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF
CLAY RICH; ESTATE OF LEON ROBERTS; BENITO
ROSALES; ESTATE OF RAYMOND ROSWELL;
ESTATE OF HOWARD SCHOENFELD; ESTATE OF
MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD
SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE
OF RICHARD SHANK; ESTATE OF GEORGE
SHEPARD; CHARLES SHULL; CARL SOBCZAK;
MARILYN STRATTON; ESTATE OF CARL STUDE;
ESTATE OF FLORENCE THOMPSON; JAMES
URBACH; ROSE MARY VICARI; ALBERTO
VULTAGGIO; JACK WADE; JAMES WEESE;
HOWARD WENZEL; ESTATE OF GEORGE WILENT;
ESTATE OF VICTOR YANNOTTI; and SYDNEY
ZIFF,

Defendants.

- 2 -

To the above-named defendant:

    You are hereby summoned and required to serve upon plaintiff' attorney an answer to the Complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Venue is proper in this county because the plaintiff resides herein, and/or the defendants are non-residents who may be sued here pursuant to sections 503(a) and 503(c) of the CPLR. . All named parties are domiciled in the State of New York and/or transact business in the State of New York.

Dated: April 17, 2008
      New York, New York

                FORD MARRIN ESPOSITO WITMEYER
                & GLESER, LLP

                By: *Edward M. Pinter*
                Edward M. Pinter
                Wall Street Plaza
                New York, New York 10005-1875
                (212) 269-4900
                *Attorneys for Plaintiffs National Fire Insurance*
                *Company of Hartford, as successor by merger to*
                *Transcontinental Insurance Company, and*
                *Continental Insurance Company, as successor-in-*
                *interest to certain policies issued by Harbor*
                *Insurance Company*

- 3 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE COMPANY;
CONTINENTAL INSURANCE COMPANY, as
successor-in-interest to certain policies issued by
HARBOR INSURANCE COMPANY;

           Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY
COMPANY, formerly THE AETNA CASUALTY AND
SURETY COMPANY; FIREMAN'S FUND
INSURANCE COMPANY; ALLIANZ INSURANCE
COMPANY; HARTFORD ACCIDENT AND
INDEMNITY COMPANY; CENTURY INDEMNITY
COMPANY, as successor to CCI INSURANCE
COMPANY, as successor to INSURANCE COMPANY
OF NORTH AMERICA and INDEMNITY
INSURANCE COMPANY OF NORTH AMERICA;
ACE PROPERTY AND CASUALTY INSURANCE
COMPANY, formerly CIGNA PROPERTY AND
CASUALTY INSURANCE COMPANY, formerly
AETNA INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PA; AMERICAN HOME ASSURANCE
COMPANY; GRANITE STATE INSURANCE
COMPANY; LIBERTY MUTUAL INSURANCE
COMPANY; FEDERAL INSURANCE COMPANY;
TRANSPORT INSURANCE COMPANY; TIG
INSURANCE COMPANY, as successor by merger to
INTERNATIONAL INSURANCE COMPANY; ROGER
A. SEVIGNY, the Commissioner of Insurance of the
State of New Hampshire, as Liquidator of THE HOME
INSURANCE COMPANY; STEVEN M. GOLDMAN,
the Commissioner of Banking and Insurance of the State
of New Jersey, as Liquidator of INTEGRITY
INSURANCE COMPANY; ERIC R. DINALLO,
Superintendent of Insurance of the State of New York, as
Liquidator of MIDLAND INSURANCE COMPANY;
JOEL ARIO, Acting Insurance Commissioner of the State
of Pennsylvania, as Liquidator of RELIANCE
INSURANCE COMPANY; JOANNE DOES, THIRD-
PARTY LIABILITY INSURERS, being carriers other

Index No.:

**COMPLAINT
FOR DECLARATORY
JUDGMENT AND
FURTHER RELIEF**

08105522



than the aforenamed who issued third-party liability
insurance to KENTILE FLOORS, INC.; KENTILE
FLOORS, INC.; METEX MFG. CORPORATION;
JOHN LESLIE ALLEN; CARL BEEL; GILBERT
CARRIZALES; ESTATE OF MARIA CAVALLINI;
JOHN CAVOUNIS; ROBERT CLARK; ROBERT
DEGLAU; SUSANNE DELISLE; JOHN DURO;
ESTATE OF HAROLD ELSNER; EMILY FABINIAK;
ANGEL FERNANDEZ; ESTATE OF RICHARD
FINDLAY; WILLIAM GALANIS; ESTATE OF
CHESTER GIESE; ESTATE OF ORVILLE
GROOTEMAAT; ROBERT GUNDERSON; ESTATE
OF EDSEL HANKA; HARVEY HELFAND; ESTATE
OF VIRGIL HORNER; GILBERT IEM; ESTATE OF
RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT
KENNEMORE; ESTATE OF BERNHARDT
KOEPPEN; ESTATE OF RUDOLPH KOLETIC;
WALTER KONWAY; GEORGE LACKMAN; ESTATE
OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF
WILLIAM LEITZEL; ESTATE OF FRANK LONGO;
RONALD MATA; ESTATE OF BRUCE MAYNARD;
PHILLIP MAZZOCCHI; JOHN MCTAGGART;
ESTATE OF GEORGE MEANOR; CHARLES
MILLER; ESTATE OF PETER MISHKO; JACK
NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN
PALL; THOMAS PAWLOWSKI; ESTATE OF
HOWARD PRATT; WILLIAM PURCELL; ESTATE OF
EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF
CLAY RICH; ESTATE OF LEON ROBERTS; BENITO
ROSALES; ESTATE OF RAYMOND ROSWELL;
ESTATE OF HOWARD SCHOENFELD; ESTATE OF
MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD
SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE
OF RICHARD SHANK; ESTATE OF GEORGE
SHEPARD; CHARLES SHULL; CARL SOBCZAK;
MARILYN STRATTON; ESTATE OF CARL STUDE;
ESTATE OF FLORENCE THOMPSON; JAMES
URBACH; ROSE MARY VICARI; ALBERTO
VULTAGGIO; JACK WADE; JAMES WEESE;
HOWARD WENZEL; ESTATE OF GEORGE WILENT;
ESTATE OF VICTOR YANNOTTI; and SYDNEY
ZIFF,

Defendants.

- 2 -

## COMPLAINT

Plaintiffs, National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor-in-interest to certain policies issued by Harbor Insurance Company, by and through their attorneys, Ford Marrin Esposito Witmeyer & Gleser, L.L.P., for their Complaint against the defendants, Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company; Allianz Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; Roger A. Sevigny, the Commissioner of Insurance of the State of New Hampshire, as Liquidator of The Home Insurance Company; Steven M. Goldman, the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of Integrity Insurance Company; Eric R. Dinallo, Superintendent of Insurance of the State of New York, as Liquidator of Midland Insurance Company; Joel Ario, Acting Insurance Commissioner of the State of Pennsylvania, as Liquidator of Reliance Insurance Company; Joanne Does, Third-Party Liability Insurers, being carriers other than the aforenamed who issued third-party liability insurance to Kentile Floors, Inc.; Kentile Floors, Inc.; Metex Mfg. Corporation; John Leslie Allen; Carl Beel; Gilbert Carrizales; Estate of Maria Cavallini; John Cavounis; Robert Clark;

- 3 -

Robert Deglau; Susanne Delisle; John Duro; Estate of Harold Elsner; Emily Fabiniak; Angel Fernandez; Estate of Richard Findlay; William Galanis; Estate of Chester Giese; Estate of Orville Grootemaat; Robert Gunderson; Estate of Edsel Hanka; Harvey Helfand; Estate of Virgil Horner; Gilbert Iem; Estate of Richard Jeffers; Hubert Johnston; Robert Kennemore; Estate of Bernhardt Koeppen; Estate of Rudolph Koletic; Walter Konway; George Lackman; Estate of Emil Lauf; F. Lee Lawrence; Estate of William Leitzel; Estate of Frank Longo; Ronald Mata; Estate of Bruce Maynard; Phillip Mazzocchi; John McTaggart; Estate of George Meanor; Charles Miller; Estate of Peter Mishko; Jack Nacht; Estate of Nicholas Palazzo; John Pall; Thomas Pawlowski; Estate of Howard Pratt; William Purcell; Estate of Edward Putlock; John Rhein; Estate of Clay Rich; Estate of Leon Roberts; Benito Rosales; Estate of Raymond Roswell; Estate of Howard Schoenfeld; Estate of Marie Schons; Stephen Schwartz; Edward Sedlacek; Estate of Morris Segal; Estate of Richard Shank; Estate of George Shepard; Charles Shull; Carl Sobczak; Marilyn Stratton; Estate of Carl Stude; Estate of Florence Thompson; James Urbach; Rose Mary Vicari; Alberto Vultaggio; Jack Wade; James Weese; Howard Wenzel; Estate of George Wilent; Estate of Victor Yannotti; and Sydney Ziff, and allege as follows:

## INTRODUCTION

1.    This is a civil action for declaratory judgment arising from the issuance of liability insurance policies by plaintiffs and defendants Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company; Allianz Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCl Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna

- 4 -

Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; The Home Insurance Company; Integrity Insurance Company; Midland Insurance Company; and Reliance Insurance Company; or their respective predecessors, successors or liquidators (hereafter "Insurer Defendants") to Kentile Floors, Inc. ("Kentile").

2.      Plaintiffs seek a declaration of the rights, duties and liabilities of the parties under the insurance policies issued by the Insurer Defendants, or their respective predecessors, to Kentile with respect to underlying claims for bodily injury allegedly caused, in whole or in part, by exposure to asbestos in floor tiles manufactured and/or sold by Kentile (hereafter "Asbestos Claims").

### THE PARTIES

3.      Plaintiff NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY ("National Fire") is a corporation duly organized and existing under the laws of the State of Illinois, and is engaged in the business of insurance. National Fire and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

4.      Plaintiff CONTINENTAL INSURANCE COMPANY ("Continental") is a corporation incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Continental is the successor-in-interest to certain policies issued by Harbor Insurance Company ("Harbor"). Continental is now, and was at all times relevant to the

- 5 -

Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

5.      Upon information and belief, defendant TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY ("Travelers") is incorporated under the laws of the State of Connecticut and is engaged in the business of insurance. Upon information and belief, Travelers and/or its predecessor are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

6.      Upon information and belief, defendant FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") is incorporated under the laws of the State of California and is engaged in the business of insurance. Upon information and belief, Fireman's Fund is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

7.      Upon information and belief, defendant ALLIANZ INSURANCE COMPANY ("Allianz") is incorporated under the laws of the State of Minnesota and is engaged in the business of insurance. Upon information and belief, Allianz is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

8.      Upon information and belief, defendant HARTFORD ACCIDENT AND INDEMNITY COMPANY ("Hartford") is a corporation incorporated under the laws of the State of Connecticut and is engaged in the business of insurance. Upon information and belief,

- 6 -

Hartford is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

9.    Upon information and belief, defendant CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("Century") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Upon information and belief, Century and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

10.    Upon information and belief, defendant ACE PROPERTY AND CASUALTY INSURANCE COMPANY (formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formally AETNA INSURANCE COMPANY) ("ACE P&C") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Upon information and belief, ACE P&G and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

11.    Upon information and belief, defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Upon information and belief, National Union is now, and was at all times relevant to the Complaint, licensed or

- 7 -

authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

12.    Upon information and belief, defendant AMERICAN HOME ASSURANCE COMPANY ("American Home") is incorporated under the laws of the State of New York and is engaged in the business of insurance. Upon information and belief, American Home is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

13.    Upon information and belief, defendant GRANITE STATE INSURANCE COMPANY ("Granite") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, Granite is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

14.    Upon information and belief, defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is incorporated under the laws of the State of Massachusetts and is engaged in the business of insurance. Upon information and belief, Liberty Mutual is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

15.    Upon information and belief, defendant FEDERAL INSURANCE COMPANY ("Federal") is incorporated under the laws of the State of Indiana and is engaged in the business of insurance. Upon information and belief, Federal is now, and was at all times relevant to the

Supreme Court Records OnLine Library - page 11 of 30

Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

16.    Upon information and belief, defendant TRANSPORT INSURANCE COMPANY ("Transport") is incorporated under the laws of the State of Ohio and is engaged in the business of insurance. Upon information and belief, Transport is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

17.    Upon information and belief, defendant TIG INSURANCE COMPANY ("TIG") is the successor by merger to INTERNATIONAL INSURANCE COMPANY ("International") and is incorporated under the laws of the State of California. Upon information and belief, TIG and/or International are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

18.    Upon information and belief, defendant ROGER A. SEVIGNY is the Commissioner of Insurance of the State of New Hampshire and is the Liquidator of THE HOME INSURANCE COMPANY ("Home"), which was incorporated under the laws of the State of New Hampshire. Upon information and belief, Home was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

19.    Upon information and belief, defendant STEVEN M. GOLDMAN is the Commissioner of Banking and Insurance of the State of New Jersey and is the Liquidator of INTEGRITY INSURANCE COMPANY ("Integrity"), which was incorporated under the laws of the State of New Jersey. Upon information and belief, Integrity was, at all times relevant to

- 9 -

the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

20.    Upon information and belief, defendant ERIC R. DINALLO is the Superintendent of Insurance of the State of New York and is the Liquidator of MIDLAND INSURANCE COMPANY ("Midland"), which was incorporated under the laws of the State of New York. Upon information and belief, Midland was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

21.    Upon information and belief, defendant JOEL ARIO is the Acting Insurance Commissioner of the State of Pennsylvania and is the Liquidator of RELIANCE INSURANCE COMPANY ("Reliance"), which was incorporated under the laws of the State of Pennsylvania. Upon information and belief, Reliance was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

22.    Upon information and belief, defendants JOANNE DOES, THIRD-PARTY LIABILITY INSURERS are carriers other than the aforenamed who issued third-party liability insurance to Kentile.

23.    Upon information and belief, defendant KENTILE FLOORS, INC. ("Kentile") was a New York corporation at the time the Defendant Insurers issued the insurance policies at issue in this declaratory judgment action. Kentile was a manufacturer of floor tile that allegedly contained asbestos and is the entity to which all of the insurance policies at issue in this declaratory judgment action were issued. References to "Kentile" are to Kentile as defined above, and/or to the post-bankruptcy reorganized Debtor.

- 10 -

24.    Upon information and belief, defendant METEX MFG. CORPORATION ("Metex") is a corporation incorporated under the laws of the State of New York. Upon information and belief, defendant Metex is licensed or authorized to conduct business in the State of New York.

25.    Upon information and belief, defendants JOHN LESLIE ALLEN; CARL BEEL; GILBERT CARRIZALES; ESTATE OF MARIA CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK; ROBERT DEGLAU; SUSANNE DELISLE; JOHN DURO; ESTATE OF HAROLD ELSNER; EMILY FABINIAK; ANGEL FERNANDEZ; ESTATE OF RICHARD FINDLAY; WILLIAM GALANIS; ESTATE OF CHESTER GIESE; ESTATE OF ORVILLE GROOTEMAAT; ROBERT GUNDERSON; ESTATE OF EDSEL HANKA; HARVEY HELFAND; ESTATE OF VIRGIL HORNER; GILBERT IEM; ESTATE OF RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT KENNEMORE; ESTATE OF BERNHARDT KOEPPEN; ESTATE OF RUDOLPH KOLETIC; WALTER KONWAY; GEORGE LACKMAN; ESTATE OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF WILLIAM LEITZEL; ESTATE OF FRANK LONGO; RONALD MATA; ESTATE OF BRUCE MAYNARD; PHILLIP MAZZOCCHI; JOHN MCTAGGART; ESTATE OF GEORGE MEANOR; CHARLES MILLER; ESTATE OF PETER MISHKO; JACK NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN PALL; THOMAS PAWLOWSKI; ESTATE OF HOWARD PRATT; WILLIAM PURCELL; ESTATE OF EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF CLAY RICH; ESTATE OF LEON ROBERTS; BENITO ROSALES; ESTATE OF RAYMOND ROSWELL; ESTATE OF HOWARD SCHOENFELD; ESTATE OF MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE OF RICHARD SHANK; ESTATE OF GEORGE SHEPARD; CHARLES SHULL;

- 11 -

CARL SOBCZAK; MARILYN STRATTON; ESTATE OF CARL STUDE; ESTATE OF FLORENCE THOMPSON; JAMES URBACH; ROSE MARY VICARI; ALBERTO VULTAGGIO; JACK WADE; JAMES WEESE; HOWARD WENZEL; ESTATE OF GEORGE WILENT; ESTATE OF VICTOR YANNOTTI; and SYDNEY ZIFF, (collectively, "Unfunded Settlement Claimants"), are individuals who settled their underlying Asbestos Claims with Kentile, but whose settlements have not been fully funded.

### JURISDICTION AND VENUE

26.    Pursuant to section 3001 of the Civil Practice Law and Rules (the "CPLR") as well as other statutory and common law bases, this Court has jurisdiction over the subject matter of this action.

27.    Pursuant to sections 301, 302(a)(1) and 302(a)(4) of the CPLR as well as other statutory, constitutional and common law bases, this Court has personal jurisdiction over each of the defendants because each defendant does business within the State of New York, has consented to the jurisdiction of this Court, and/or because the causes of action arise in whole or part from the defendants' activities, transaction of business in the State and/or their ownership, use or possession of real property within the State of New York. In addition, the Unfunded Settlement Claimants claim rights under insurance policies issued in New York to a New York corporation (Kentile). In addition, the Insurer Defendants, Kentile, and Metex are or were transacting business in the State of New York within the time periods relevant to the causes of action stated herein.

28.    Venue is proper in this county because the plaintiff resides herein, and/or the defendants are non-residents who may be sued here pursuant to sections 503(a) and 503(c) of the CPLR.

- 12 -

## RELATIONSHIP AMONG THE PARTIES

29.    Kentile is a New York corporation which was headquartered in New York throughout its existence. Kentile was a manufacturer of floor tile between the years of 1906 through 1992. Kentile is the entity to whom the insurance policies at issue in this action were issued.

30.    Plaintiffs and Defendants, with the exception of Kentile, Metex, and the Unfunded Settlement Claimants, are insurance companies, or liquidators for insurance companies, that at all relevant times were authorized to do business in the State of New York and did business in the State of New York.

31.    Plaintiffs and the Insurer Defendants issued and delivered to Kentile in the State of New York at its then principal place of business at 58 Second Avenue, Brooklyn, New York 11215, certain third-party liability insurance policies.

32.    Upon information and belief, the Insurer Defendants each issued third-party liability insurance policies to Kentile at the same principal place of business at 58 Second Avenue, Brooklyn, New York 11215.

33.    On or about November 20, 1992, Kentile filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.

34.    On or about December 15, 1998, the U.S. Bankruptcy Court for the Southern District of New York confirmed Kentile's reorganization plan (the "Reorganization Plan") pursuant to section 1129 of the Bankruptcy Code, whereby Kentile was reorganized.

35.    Kentile commenced its Chapter 11 bankruptcy case in the name "Kentile Floors, Inc."

- 13 -

36.    Upon information and belief, defendant Metex is or has represented itself to be the Reorganized Debtor Kentile and/or to be successor to the liabilities of said Reorganized Debtor Kentile.

37.    To date, numerous individuals and entities have filed Asbestos Claims against Kentile in New York, as well as in other states.  Plaintiffs and the Insurer Defendants anticipate numerous individuals and entities filing future Asbestos Claims against Kentile.

38.    Upon information and belief, pursuant to the Reorganization Plan, holders of Asbestos Claims filed against Kentile prior to the confirmation of its Reorganization Plan are entitled to pursue their claims against Kentile to the extent of Kentile's insurance coverage relating to their claims.

39.    Upon information and belief, holders of Asbestos Claims filed against Kentile after the confirmation of its Reorganization Plan do not possess any rights under the insurance policies at issue in this declaratory judgment action.

40.    Upon information and belief, holders of Asbestos Claims not filed against Kentile prior to the confirmation date of Kentile's Reorganization Plan were not represented during Kentile's bankruptcy proceeding (hereafter "Subsequent Asbestos Claims").

41.    As the Reorganized Debtor, Metex is liable to contribute to the indemnification of Kentile for damages paid in connection with Subsequent Asbestos Claims.

### THE INSURANCE POLICES

42.    Transcontinental Insurance Company (now National Fire) issued liability policies to Kentile.  These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | RDX 009616542 |
| 1/1/83-1/1/84 | RDX 009616557 |

- 14 -

|              |                  |
|--------------|------------------|
| 1/1/84-1/1/85 | UMB 008442089   |
| 1/1/85-1/1/86 | UMB 1672704     |

43.  Harbor issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term   | Policy Number |
|---------------|---------------|
| 1/1/84-1/1/85 | HI 180020     |

44.  Upon information and belief, The Aetna Casualty and Surety Company (now Travelers) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term    | Policy Number   |
|----------------|-----------------|
| 4/1/73-6/30/74 | 01XN-393-WCA    |
| 6/30/74-1/1/77 | 01XN-572-WCA    |
| 1/1/77-1/1/78  | 01XN-1177-WCA   |
| 1/1/77-1/1/78  | 01XN-1339-WCA   |
| 1/1/78-1/1/79  | 01XN-1570-WC    |
| 1/1/79-1/1/80  | 01XN-2095-WCA   |

45.  Upon information and belief, Fireman's Fund issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term   | Policy Number |
|---------------|---------------|
| 1/1/78-1/1/79 | XLX 2199648   |
| 1/1/79-1/1/80 | XLX 1369446   |
| 1/1/80-1/1/81 | XLX 1372347   |
| 1/1/81-1/1/82 | XLX 1437275   |
| 1/1/77-1/1/78 | XLX 1267210   |
| 1/1/80-1/1/81 | XLX 1372348   |
| 1/1/81-1/1/82 | XLX 1437276   |
| 1/1/82-1/1/83 | XLX 1481670   |
| 1/1/83-1/1/84 | XLX 1485450   |
| 1/1/83-1/1/84 | XLX 1485451   |

46.  Upon information and belief, Allianz issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

- 15 -

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | UL 558313 |
| 1/1/83-1/1/84 | UL 558328 |
| 1/1/82-1/1/83 | XL 559514 |
| 1/1/83-1/1/84 | XUMB 572210 |
| 1/1/83-1/1/84 | XUMB 572211 |
| 7/14/82-1/1/83 | XLX 559529 |

47.     Upon information and belief, Hartford issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | 10 XS 100151 |
| 1/1/78-1/1/79 | 10 XS 100558 |
| 1/1/79-1/1/80 | 10 XS 100747 |
| 1/1/80-1/1/81 | 10 XS 100895 |
| 1/1/81-1/1/82 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS CB6993 |
| 1/1/83-1/1/84 | 10 XS 102116 |
| 1/1/84-1/1/85 | 10 XS 103246 |
| 1/1/84-1/1/85 | 10 XS 103245 |
| 1/1/83-1/1/84 | 10 XS HC0794 |

48.     Upon information and belief, Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/64-6/30/67 (cancelled 6/30/65) | XBC 1431 |
| 6/30/65-6/30/68 | XBC 1710 |
| 6/30/68-6/30/71 | XBC 41938 |

49.     Upon information and belief, Indemnity Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

- 16 -

| Policy Term | Policy Number |
|---|---|
| 6/30/64-6/30/67 | XBC 1431 |
| 6/30/65-6/30/68 | XBC 1710 |
| 6/30/68-6/30/71 | XBC 41938 |
| 1/1/84-1/1/85 | XCP 145079 |
| 1/1/85-1/1/86 | XCP 156662 |

50.    Upon information and belief, Aetna Insurance Company (now ACE P&C) issued comprehensive general liability policies to Kentile.  These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/73-1/1/74 | CG 230385 |
| 1/1/74-1/1/75 | CG 299590 |
| 1/1/75-1/1/76 | CG 674030 |
| 1/1/76-1/1/77 | CG 870877 |
| 1/1/77-1/1/78 | CG 569390 |
| 1/1/78-1/1/79 | CG 128612 |

51.    Upon information and belief, National Union issued comprehensive general liability policies to Kentile.  These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/74-1/1/77 | BE 1118800 |
| 1/1/77-1/1/78 | 1224261 |
| 1/1/79-1/1/80 | GLA 1269100 |
| 1/1/80-1/1/81 | GLA 1270628RA |
| 1/1/80-1/1/81 | GLA 9782437 |
| 1/1/81-1/1/82 | GLA 1272716RA |
| 1/1/81-1/1/82 | GLA 9910486 |
| 1/1/82-1/1/83 | GLA 9456417RA |
| 1/1/83-1/1/84 (ext. to 1/1/85) | GLA 9456746RA |
| 1/1/85-1/1/86 | GLA 1940230RA |

52.    Upon information and belief, American Home issued one comprehensive general liability policy to Kentile.  This policy is listed below by Policy Term and Policy Number.

- 17 -

| Policy Term | Policy Number |
|---|---|
| 6/30/71-6/30/74 | BE 2730735 |

53.  Upon information and belief, Granite issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/85-1/1/86 | 6485-6458 |

54.  Upon information and belief, Liberty Mutual issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/50-1/1/51 | CGL-09-11168-XY |
| 1/1/51-1/1/52 | CGL-9-91-3205-51-XY |
| 1/1/52-1/1/53 | CGL-90913205-52-XY |
| 1/1/55-1/1/56 | LP-9-913205-55-XY |
| 1/1/57-1/1/58 | LP-1023-200083-37 |
| 1/1/65-1/1/66 | LT1-123-010533-025B |
| 1/1/70-1/1/71 | LGI 123-010533-020B |
| 1/1/71-1/1/72 | LGI 123-010533-021B |
| 1/1/72-1/1/73 | LGI 123-010533-022B |

55.  Upon information and belief, Federal issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/62-6/30/65 | XFL 7716-32-66 |

56.  Upon information and belief, Transport issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/85-6/15/85 | TEL 01188 |

- 18 -

57. Upon information and belief, International (now TIG) issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/87-1/1/88 | 523-449-871 |

58. Upon information and belief, Home issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | HEC 9345894 |
| 1/1/78-1/1/79 | HEC 9655432 |
| 1/1/79-1/1/80 | HEC 9802011 |
| 1/1/80-1/1/81 | HEC 9834171 |
| 1/1/81-1/1/82 | HEC 991128 |

59. Upon information and belief, Integrity issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | XL 203722 |
| 1/1/83-1/1/84 | XL 203722 |
| 1/1/84-1/1/85 | XL 208216 |

60. Upon information and belief, Midland issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | XL 152151 |
| 1/1/78-1/1/79 | XL 148308 |

61. Upon information and belief, Reliance issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

- 19 -

Supreme Court Records OnLine Library - page 22 of 30

Policy Term                          Policy Number

3/1/93-3/1/94                        NGA 1493837

### IMPROPER REFUSALS TO DEFEND AND INDEMNIFY

62.    Beginning in or about July 2003, American Home contributed to the defense and indemnification of Kentile under the terms of Policy BE 2730735.

63.    In or around February 2007, American Home refused to further defend and indemnify Kentile under the terms of the Policy BE 2730735.

64.    American Home has improperly claimed that Policy BE 2730735 has been exhausted by payment of sums for the defense and indemnification of Kentile.

65.    American Home is obligated under the terms of Policy BE 2730735 to defend and indemnify Kentile until such time as Policy BE 2730735 exhausts by payment of indemnity on behalf of Kentile.

66.    Beginning on or about July 2003, National Union contributed to the defense and indemnification of Kentile under the terms of Policy BE 1118800.

67.    In or around January 2008, National Union announced its refusal to further defend and indemnify Kentile under the terms of the Policy BE 1118800.

68.    National Union has improperly claimed that Policy BE 1118800 has been exhausted by payment of sums for the defense and indemnification of Kentile.

69.    National Union is obligated under the terms of Policy BE 1118800 to defend and indemnify Kentile until such time as Policy BE 1118800 exhausts by payment of indemnity on behalf of Kentile.

70.    Beginning on or about July 2003, Century contributed to the defense and indemnification of Kentile under the terms of Policy XBC 1710.

- 20 -

71.    In or around April 2004, Century refused to further defend and indemnify Kentile under the terms of the Policy XBC 1710.

72.    Century has improperly claimed that Policy XBC 1710 has been exhausted by payment of sums for the defense and indemnification of Kentile.

73.    Century is obligated under the terms of Policy XBC 1710 to defend and indemnify Kentile until such time as the limits of Policy XBC 1710 are exhausted.

74.    Metex is required by law to contribute to the defense and indemnification of Kentile for damages paid to Subsequent Asbestos Claims.

75.    Metex has improperly refused to contribute to the defense and indemnification of Kentile for Subsequent Asbestos Claims.

76.    On or about March 26, 2008, National Fire was forced by the foregoing actions of American Home, National Union, and Century, as well as the improper refusals of other Defendants to contribute to the defense and indemnification of Kentile, to fund one hundred percent of the authorized costs incurred from and after March 26, 2008 in the defense of Kentile for Asbestos Claims and one hundred percent of the costs incurred for indemnification for settlements authorized after March 26, 2008 for Asbestos claims.

77.    National Fire is entitled to recover from the defendants, except for the Unfunded Settlement Claimants, any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share.

### AS AND FOR A FIRST CAUSE OF ACTION
(Against all Defendants)

78.    Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 77 above.

- 21 -

79.     Plaintiff seeks a judicial determination of the rights and duties of the Plaintiffs and Defendants with respect to an actual controversy arising out of the alleged insurance policies listed in paragraphs 42 through 61, hereof.

80.     Upon information and belief, Kentile contends that Plaintiffs and the Insurer Defendants are obligated under the terms of their respective policies to provide coverage in connection with Asbestos Claims against Kentile such that Plaintiffs and Insurer Defendants are obligated to indemnify Kentile for the full amount of Kentile's alleged damages and for the costs paid by or on behalf of Kentile in defense of the Asbestos Claims to date, and to defend Kentile with respect to Asbestos Claims.

81.     Upon information and belief, defendant Metex is liable to Plaintiffs and the Insurer Defendants for sums paid by Plaintiffs and the Insurer Defendants to indemnify Kentile for damages in connection with Subsequent Asbestos Claims.

82.     To the extent that Plaintiffs and Defendants may be found liable to Kentile for defense and indemnity in connection with the Asbestos Claims, Plaintiffs are entitled to an apportionment of liability and reimbursement of any amounts paid in excess of their share pursuant to applicable law and the Plaintiffs' and Defendants' respective policies.

83.     An actual justiciable controversy presently exists between the Plaintiffs and Defendants regarding the proper construction of the alleged insurance policies listed in paragraphs 42 through 61, hereof, and the rights and obligations of the parties with respect to the underlying Asbestos Claims.

### AS AND FOR A SECOND CAUSE OF ACTION
(Against Allianz, American Home, National Union, and Century)

84.     Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 83 above.

- 22 -

85.    Prior to the settlement of Asbestos Claims filed against Kentile by the Unfunded Settlement Claimants, defendants Allianz, American Home, National Union, and Century, as well as plaintiff National Fire, (hereafter "Authorizing Parties") agreed under the terms of their respective policies to authorize the payment of sums as damages to such claimants (hereafter "Individual Settlement Agreements").

86.    Pursuant to the Individual Settlement Agreements, the Authorizing Parties agreed to pay a share of the amount paid to settle the claims of each of the Unfunded Settlement Claimants.

87.    Prior to the filing of this Action, American Home entered into Individual Settlement Agreements under the terms of Policy BE 2730735 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and America Home has subsequently refused to pay the amount it authorized.

88.    Prior to the filing of this Action, National Union entered into Individual Settlement Agreements under the terms of Policy BE 1118800 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and National Union has subsequently refused to pay the amount it authorized.

89.    Prior to the filing of this Action, Allianz entered into Individual Settlement Agreements under the terms of Policy XL 559514 and Policy UL 558328 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Allianz has subsequently refused to pay the amount it authorized.

90.    Prior to the filing of this Action, Century entered into Individual Settlement Agreements under the terms of Policy XBC 1710 and Policy XBC 41938 to authorize Kentile's

- 23 -

defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Century has subsequently refused to pay the amount it authorized.

91.    To the extent that Defendants Allianz, American Home, National Union, and Century have refused to pay the amounts authorized to settle the claims of the Unfunded Settlement Claimants, they have materially breached the terms of the Individual Settlement Agreements.

92.    The material breaches, individually and collectively, by defendants Allianz, American Home, National Union, and Century of the Individual Settlement Agreements have caused the settlements of the Unfunded Settlement Claimants to be only partially funded.

93.    Kentile and its defense of Asbestos Claims have been and will continue to be impaired as a result of the improper refusals by defendants Allianz, American Home, National Union, and Century, to pay the settlements authorized by the Individual Settlement Agreements.

94.    Plaintiffs, the Insurer Defendants, and Metex have suffered and will continue to suffer damages as a result of the improper refusals of defendants Allianz, American Home, National Union, and Century to pay the settlements authorized by the Individual Settlement Agreements.

WHEREFORE, plaintiffs request that this Court declare and adjudge:

A.    that the Insurer Defendants have improperly refused to defend and indemnity Kentile under the terms of their respective insurance policies;

B.    that the Insurer Defendants must continue to defend and indemnity Kentile under the terms of their respective insurance policies

C.    that defendant Metex must defend and indemnify Kentile;

- 24 -

D.    that the Insurer Defendants and defendant Metex must pay the sums, including attorneys' fees, interest and litigation expenses incurred in defending Kentile, and payments made or to be made to claimants against Kentile as a result of those defendants' improper refusals to indemnify and defend Kentile;

E.    that defendants Allianz, National Union, American Home, and Century breached the Individual Settlement Agreements;

F.    that defendants Allianz, National Union, American Home, and Century are obligated under the terms of the Individual Settlement Agreements to pay their pro-rata, by time-on-the-risk, share of all authorized settlements;

G.    that plaintiff National Fire is not obligated to pay the outstanding balances owed by Kentile on all claims held by the Unfunded Settlement Claimants which represent the amounts authorized by defendants Allianz, National Union, American Home, and Century under the terms of the Individual Settlement Agreements;

H.    that plaintiff National Fire is entitled to recover any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share together with interest and costs;

I.    that plaintiffs have such other, different and further relief as the Court may deem necessary and proper.

Dated: April 17, 2008

- 25 -

FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.

By: _Edward M. Pinter_

Edward M. Pinter
Wall Street Plaza
New York, New York 10005-1875
(212) 269-4900

*Attorneys for Plaintiffs National Fire Insurance
Company of Hartford, as successor by merger to
Transcontinental Insurance Company, and
Continental Insurance Company, as successor-in-
interest to certain policies issued by Harbor
Insurance Company*

- 26 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------X

NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE COMPANY:
CONTINENTAL INSURANCE COMPANY, as
successor-in-interest to certain policies issued by
HARBOR INSURANCE COMPANY,

                                        Plaintiff,

                -against-

TRAVELERS CASUALTY AND SURETY COMPANY,
formerly THE AETNA CASUALTY AND SURETY
COMPANY, et. al;

                                        Defendant.

----------------------------------------X

**COMPLAINT FOR DECLARATORY JUDGMENT
AND FURTHER RELIEF**

----------------------------------------X

Index No.:

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

WALL STREET PLAZA

NEW YORK, N.Y. 10005-1875

(212) 269-4900

# EXHIBIT B

## First Amended Complaint for Declaratory Judgment and Further Relief

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE COMPANY;
CONTINENTAL INSURANCE COMPANY, as
successor-in-interest to certain policies issued by
HARBOR INSURANCE COMPANY;

Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY
COMPANY, formerly THE AETNA CASUALTY AND
SURETY COMPANY; FIREMAN'S FUND
INSURANCE COMPANY; ALLIANZ GLOBAL RISKS
US INSURANCE COMPANY; HARTFORD
ACCIDENT AND INDEMNITY COMPANY;
CENTURY INDEMNITY COMPANY, as successor to
CCI INSURANCE COMPANY, as successor to
INSURANCE COMPANY OF NORTH AMERICA and
INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA; ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, formerly CIGNA
PROPERTY AND CASUALTY INSURANCE
COMPANY, formerly AETNA INSURANCE
COMPANY; NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA; AMERICAN
HOME ASSURANCE COMPANY; GRANITE STATE
INSURANCE COMPANY; LIBERTY MUTUAL
INSURANCE COMPANY; FEDERAL INSURANCE
COMPANY; TRANSPORT INSURANCE COMPANY;
TIG INSURANCE COMPANY, as successor by merger
to INTERNATIONAL INSURANCE COMPANY;
ROGER A. SEVIGNY, the Commissioner of Insurance of
the State of New Hampshire, as Liquidator of THE
HOME INSURANCE COMPANY; STEVEN M.
GOLDMAN, the Commissioner of Banking and
Insurance of the State of New Jersey, as Liquidator of
INTEGRITY INSURANCE COMPANY; ERIC R.
DINALLO, Superintendent of Insurance of the State of
New York, as Liquidator of MIDLAND INSURANCE
COMPANY; JOEL ARIO, Acting Insurance
Commissioner of the State of Pennsylvania, as Liquidator

Index No.: 08105522

**FIRST AMENDED
COMPLAINT
FOR DECLARATORY
JUDGMENT AND
FURTHER RELIEF**

of RELIANCE INSURANCE COMPANY; JOANNE
DOES, THIRD-PARTY LIABILITY INSURERS, being
carriers other than the aforenamed who issued third-party
liability insurance to KENTILE FLOORS, INC.;
KENTILE FLOORS, INC.; METEX MFG.
CORPORATION;  JOHN LESLIE ALLEN; CARL
BEEL; GILBERT CARRIZALES; ESTATE OF MARIA
CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK;
ROBERT DEGLAU; SUSANNE DELISLE; JOHN
DURO; ESTATE OF HAROLD ELSNER; EMILY
FABINIAK; ANGEL FERNANDEZ; ESTATE OF
RICHARD FINDLAY; WILLIAM GALANIS; ESTATE
OF CHESTER GIESE; ESTATE OF ORVILLE
GROOTEMAAT; ROBERT GUNDERSON; ESTATE
OF EDSEL HANKA; HARVEY HELFAND; ESTATE
OF VIRGIL HORNER; GILBERT IEM; ESTATE OF
RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT
KENNEMORE; ESTATE OF BERNHARDT
KOEPPEN; ESTATE OF RUDOLPH KOLETIC;
WALTER KONWAY; GEORGE LACKMAN; ESTATE
OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF
WILLIAM LEITZEL; ESTATE OF FRANK LONGO;
RONALD MATA; ESTATE OF BRUCE MAYNARD;
PHILLIP MAZZOCCHI; JOHN MCTAGGART;
ESTATE OF GEORGE MEANOR; CHARLES
MILLER; ESTATE OF PETER MISHKO; JACK
NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN
PALL; THOMAS PAWLOWSKI; ESTATE OF
HOWARD PRATT; WILLIAM PURCELL; ESTATE OF
EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF
CLAY RICH; ESTATE OF LEON ROBERTS; BENITO
ROSALES; ESTATE OF RAYMOND ROSWELL;
ESTATE OF HOWARD SCHOENFELD; ESTATE OF
MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD
SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE
OF RICHARD SHANK; ESTATE OF GEORGE
SHEPARD; CHARLES SHULL; CARL SOBCZAK;
MARILYN STRATTON; ESTATE OF CARL STUDE;
ESTATE OF FLORENCE THOMPSON; JAMES
URBACH; ROSE MARY VICARI; ALBERTO
VULTAGGIO; JACK WADE; JAMES WEESE;
HOWARD WENZEL; ESTATE OF GEORGE WILENT;
ESTATE OF VICTOR YANNOTTI; SYDNEY ZIFF;
and JOHN DOES, ASBESTOS CLAIMANTS, being
individuals other than the aforenamed who settled
Asbestos Claims with KENTILE FLOORS, INC., but

whose settlements have not been fully funded,

Defendants.

## COMPLAINT

Plaintiffs, National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor-in-interest to certain policies issued by Harbor Insurance Company, by and through their attorneys, Ford Marrin Esposito Witmeyer & Gleser, L.L.P., for their Complaint against the defendants, Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company; Allianz Global Risks US Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; Roger A. Sevigny, the Commissioner of Insurance of the State of New Hampshire, as Liquidator of The Home Insurance Company; Steven M. Goldman, the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of Integrity Insurance Company; Eric R. Dinallo, Superintendent of Insurance of the State of New York, as Liquidator of Midland Insurance Company; Joel Ario, Acting Insurance Commissioner of the State of Pennsylvania, as Liquidator of Reliance Insurance Company; Joanne Does, Third-Party Liability Insurers, being carriers other than the aforenamed who issued third-party liability

insurance to Kentile Floors, Inc.; Kentile Floors, Inc.; Metex Mfg. Corporation; John Leslie Allen; Carl Beel; Gilbert Carrizales; Estate of Maria Cavallini; John Cavounis; Robert Clark; Robert Deglau; Susanne Delisle; John Duro; Estate of Harold Elsner; Emily Fabiniak; Angel Fernandez; Estate of Richard Findlay; William Galanis; Estate of Chester Giese; Estate of Orville Grootemaat; Robert Gunderson; Estate of Edsel Hanka; Harvey Helfand; Estate of Virgil Horner; Gilbert Iem; Estate of Richard Jeffers; Hubert Johnston; Robert Kennemore; Estate of Bernhardt Koeppen; Estate of Rudolph Koletic; Walter Konway; George Lackman; Estate of Emil Lauf; F. Lee Lawrence; Estate of William Leitzel; Estate of Frank Longo; Ronald Mata; Estate of Bruce Maynard; Phillip Mazzocchi; John McTaggart; Estate of George Meanor; Charles Miller; Estate of Peter Mishko; Jack Nacht; Estate of Nicholas Palazzo; John Pall; Thomas Pawlowski; Estate of Howard Pratt; William Purcell; Estate of Edward Putlock; John Rhein; Estate of Clay Rich; Estate of Leon Roberts; Benito Rosales; Estate of Raymond Roswell; Estate of Howard Schoenfeld; Estate of Marie Schons; Stephen Schwartz; Edward Sedlacek; Estate of Morris Segal; Estate of Richard Shank; Estate of George Shepard; Charles Shull; Carl Sobczak; Marilyn Stratton; Estate of Carl Stude; Estate of Florence Thompson; James Urbach; Rose Mary Vicari; Alberto Vultaggio; Jack Wade; James Weese; Howard Wenzel; Estate of George Wilent; Estate of Victor Yannotti; Sydney Ziff; and John Does, Asbestos Claimants, being individuals other than the aforenamed who settled Asbestos Claims with Kentile Floors, Inc., but whose settlements have not been fully funded; and allege as follows:

### INTRODUCTION

1.    This is a civil action for declaratory judgment arising from the issuance of liability insurance policies by plaintiffs and defendants Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company;

Allianz Global Risks US Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; The Home Insurance Company; Integrity Insurance Company; Midland Insurance Company; and Reliance Insurance Company; or their respective predecessors, successors or liquidators (hereafter "Insurer Defendants") to Kentile Floors, Inc. ("Kentile").

2.      Plaintiffs seek a declaration of the rights, duties and liabilities of the parties under the insurance policies issued by the Insurer Defendants, or their respective predecessors, to Kentile with respect to underlying claims for bodily injury allegedly caused, in whole or in part, by exposure to asbestos in floor tiles manufactured and/or sold by Kentile (hereafter "Asbestos Claims").

## THE PARTIES

3.      Plaintiff NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY ("National Fire") is a corporation duly organized and existing under the laws of the State of Illinois, and is engaged in the business of insurance. National Fire and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

- 5 -

4.      Plaintiff CONTINENTAL INSURANCE COMPANY ("Continental") is a corporation incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Continental is the successor-in-interest to certain policies issued by Harbor Insurance Company ("Harbor").  Continental is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

5.      Upon information and belief, defendant TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY ("Travelers") is incorporated under the laws of the State of Connecticut and is engaged in the business of insurance.  Upon information and belief, Travelers and/or its predecessor are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

6.      Upon information and belief, defendant FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") is incorporated under the laws of the State of California and is engaged in the business of insurance.  Upon information and belief, Fireman's Fund is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

7.      Upon information and belief, defendant ALLIANZ GLOBAL RISKS US INSURANCE COMPANY ("Allianz") is incorporated under the laws of the State of California and is engaged in the business of insurance.  Upon information and belief, Allianz is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including

- 6 -

New York, to issue insurance policies, including comprehensive general liability insurance policies.

8.    Upon information and belief, defendant HARTFORD ACCIDENT AND INDEMNITY COMPANY ("Hartford") is a corporation incorporated under the laws of the State of Connecticut and is engaged in the business of insurance.  Upon information and belief, Hartford is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

9.    Upon information and belief, defendant CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("Century") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Upon information and belief, Century and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

10.    Upon information and belief, defendant ACE PROPERTY AND CASUALTY INSURANCE COMPANY (formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formally AETNA INSURANCE COMPANY) ("ACE P&C") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance.  Upon information and belief, ACE P&G and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

11.    Upon information and belief, defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, National Union is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

12.    Upon information and belief, defendant AMERICAN HOME ASSURANCE COMPANY ("American Home") is incorporated under the laws of the State of New York and is engaged in the business of insurance. Upon information and belief, American Home is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

13.    Upon information and belief, defendant GRANITE STATE INSURANCE COMPANY ("Granite") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, Granite is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

14.    Upon information and belief, defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is incorporated under the laws of the State of Massachusetts and is engaged in the business of insurance. Upon information and belief, Liberty Mutual is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

15. Upon information and belief, defendant FEDERAL INSURANCE COMPANY ("Federal") is incorporated under the laws of the State of Indiana and is engaged in the business of insurance. Upon information and belief, Federal is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

16. Upon information and belief, defendant TRANSPORT INSURANCE COMPANY ("Transport") is incorporated under the laws of the State of Ohio and is engaged in the business of insurance. Upon information and belief, Transport is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

17. Upon information and belief, defendant TIG INSURANCE COMPANY ("TIG") is the successor by merger to INTERNATIONAL INSURANCE COMPANY ("International") and is incorporated under the laws of the State of California. Upon information and belief, TIG and/or International are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

18. Upon information and belief, defendant ROGER A. SEVIGNY is the Commissioner of Insurance of the State of New Hampshire and is the Liquidator of THE HOME INSURANCE COMPANY ("Home"), which was incorporated under the laws of the State of New Hampshire. Upon information and belief, Home was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

19. Upon information and belief, defendant STEVEN M. GOLDMAN is the Commissioner of Banking and Insurance of the State of New Jersey and is the Liquidator of INTEGRITY INSURANCE COMPANY ("Integrity"), which was incorporated under the laws of the State of New Jersey. Upon information and belief, Integrity was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

20. Upon information and belief, defendant ERIC R. DINALLO is the Superintendent of Insurance of the State of New York and is the Liquidator of MIDLAND INSURANCE COMPANY ("Midland"), which was incorporated under the laws of the State of New York. Upon information and belief, Midland was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

21. Upon information and belief, defendant JOEL ARIO is the Acting Insurance Commissioner of the State of Pennsylvania and is the Liquidator of RELIANCE INSURANCE COMPANY ("Reliance"), which was incorporated under the laws of the State of Pennsylvania. Upon information and belief, Reliance was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

22. Upon information and belief, defendants JOANNE DOES, THIRD-PARTY LIABILITY INSURERS are carriers other than the aforenamed who issued third-party liability insurance to Kentile.

23. Upon information and belief, defendant KENTILE FLOORS, INC. ("Kentile") was a New York corporation at the time the Defendant Insurers issued the insurance policies at

issue in this declaratory judgment action. Kentile was a manufacturer of floor tile that allegedly contained asbestos and is the entity to which all of the insurance policies at issue in this declaratory judgment action were issued. References to "Kentile" are to Kentile as defined above, and/or to the post-bankruptcy reorganized Debtor.

24.    Upon information and belief, defendant METEX MFG. CORPORATION ("Metex") is a corporation incorporated under the laws of the State of New York. Upon information and belief, defendant Metex is licensed or authorized to conduct business in the State of New York.

25.    Upon information and belief, defendants JOHN LESLIE ALLEN; CARL BEEL; GILBERT CARRIZALES; ESTATE OF MARIA CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK; ROBERT DEGLAU; SUSANNE DELISLE; JOHN DURO; ESTATE OF HAROLD ELSNER; EMILY FABINIAK; ANGEL FERNANDEZ; ESTATE OF RICHARD FINDLAY; WILLIAM GALANIS; ESTATE OF CHESTER GIESE; ESTATE OF ORVILLE GROOTEMAAT; ROBERT GUNDERSON; ESTATE OF EDSEL HANKA; HARVEY HELFAND; ESTATE OF VIRGIL HORNER; GILBERT IEM; ESTATE OF RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT KENNEMORE; ESTATE OF BERNHARDT KOEPPEN; ESTATE OF RUDOLPH KOLETIC; WALTER KONWAY; GEORGE LACKMAN; ESTATE OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF WILLIAM LEITZEL; ESTATE OF FRANK LONGO; RONALD MATA; ESTATE OF BRUCE MAYNARD; PHILLIP MAZZOCCHI; JOHN MCTAGGART; ESTATE OF GEORGE MEANOR; CHARLES MILLER; ESTATE OF PETER MISHKO; JACK NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN PALL; THOMAS PAWLOWSKI; ESTATE OF HOWARD PRATT; WILLIAM PURCELL; ESTATE OF EDWARD PUTLOCK; JOHN RHEIN; ESTATE

OF CLAY RICH; ESTATE OF LEON ROBERTS; BENITO ROSALES; ESTATE OF RAYMOND ROSWELL; ESTATE OF HOWARD SCHOENFELD; ESTATE OF MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE OF RICHARD SHANK; ESTATE OF GEORGE SHEPARD; CHARLES SHULL; CARL SOBCZAK; MARILYN STRATTON; ESTATE OF CARL STUDE; ESTATE OF FLORENCE THOMPSON; JAMES URBACH; ROSE MARY VICARI; ALBERTO VULTAGGIO; JACK WADE; JAMES WEESE; HOWARD WENZEL; ESTATE OF GEORGE WILENT; ESTATE OF VICTOR YANNOTTI; SYDNEY ZIFF; and JOHN DOES, ASBESTOS CLAIMANTS, (collectively, "Unfunded Settlement Claimants"), are individuals who settled their underlying Asbestos Claims with Kentile, but whose settlements have not been fully funded.

### JURISDICTION AND VENUE

26.     Pursuant to section 3001 of the Civil Practice Law and Rules (the "CPLR") as well as other statutory and common law bases, this Court has jurisdiction over the subject matter of this action.

27.     Pursuant to sections 301, 302(a)(1) and 302(a)(4) of the CPLR as well as other statutory, constitutional and common law bases, this Court has personal jurisdiction over each of the defendants because each defendant does business within the State of New York, has consented to the jurisdiction of this Court, and/or because the causes of action arise in whole or part from the defendants' activities, transaction of business in the State and/or their ownership, use or possession of real property within the State of New York. In addition, the Unfunded Settlement Claimants claim rights under insurance policies issued in New York to a New York corporation (Kentile). In addition, the Insurer Defendants, Kentile, and Metex are or were

transacting business in the State of New York within the time periods relevant to the causes of action stated herein.

28.    Venue is proper in this county because the plaintiff resides herein, and/or the defendants are non-residents who may be sued here pursuant to sections 503(a) and 503(c) of the CPLR.

RELATIONSHIP AMONG THE PARTIES

29.    Kentile is a New York corporation which was headquartered in New York throughout its existence. Kentile was a manufacturer of floor tile between the years of 1906 through 1992. Kentile is the entity to whom the insurance policies at issue in this action were issued.

30.    Plaintiffs and Defendants, with the exception of Kentile, Metex, and the Unfunded Settlement Claimants, are insurance companies, or liquidators for insurance companies, that at all relevant times were authorized to do business in the State of New York and did business in the State of New York.

31.    Plaintiffs and the Insurer Defendants issued and delivered to Kentile in the State of New York at its then principal place of business at 58 Second Avenue, Brooklyn, New York 11215, certain third-party liability insurance policies.

32.    Upon information and belief, the Insurer Defendants each issued third-party liability insurance policies to Kentile at the same principal place of business at 58 Second Avenue, Brooklyn, New York 11215.

33.    On or about November 20, 1992, Kentile filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.

34.    On or about December 15, 1998, the U.S. Bankruptcy Court for the Southern District of New York confirmed Kentile's reorganization plan (the "Reorganization Plan") pursuant to section 1129 of the Bankruptcy Code, whereby Kentile was reorganized.

35.    Kentile commenced its Chapter 11 bankruptcy case in the name "Kentile Floors, Inc."

36.    Upon information and belief, defendant Metex is or has represented itself to be the Reorganized Debtor Kentile and/or to be successor to the liabilities of said Reorganized Debtor Kentile.

37.    To date, numerous individuals and entities have filed Asbestos Claims against Kentile in New York, as well as in other states.  Plaintiffs and the Insurer Defendants anticipate numerous individuals and entities filing future Asbestos Claims against Kentile.

38.    Upon information and belief, pursuant to the Reorganization Plan, holders of Asbestos Claims filed against Kentile prior to the confirmation of its Reorganization Plan are entitled to pursue their claims against Kentile to the extent of Kentile's insurance coverage relating to their claims.

39.    Upon information and belief, holders of Asbestos Claims filed against Kentile after the confirmation of its Reorganization Plan do not possess any rights under the insurance policies at issue in this declaratory judgment action.

40.    Upon information and belief, holders of Asbestos Claims not filed against Kentile prior to the confirmation date of Kentile's Reorganization Plan were not represented during Kentile's bankruptcy proceeding (hereafter "Subsequent Asbestos Claims").

41.    As the Reorganized Debtor, Metex is liable to contribute to the indemnification of Kentile for damages paid in connection with Subsequent Asbestos Claims.

## THE INSURANCE POLICES

42.    Transcontinental Insurance Company (now National Fire) issued liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | RDX 009616542 |
| 1/1/83-1/1/84 | RDX 009616557 |
| 1/1/84-1/1/85 | UMB 008442089 |
| 1/1/85-1/1/86 | UMB 1672704 |

43.    Harbor issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/84-1/1/85 | HI 180020 |

44.    Upon information and belief, The Aetna Casualty and Surety Company (now Travelers) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 4/1/73-6/30/74 | 01XN-393-WCA |
| 6/30/74-1/1/77 | 01XN-572-WCA |
| 1/1/77-1/1/78 | 01XN-1177-WCA |
| 1/1/77-1/1/78 | 01XN-1339-WCA |
| 1/1/78-1/1/79 | 01XN-1570-WC |
| 1/1/79-1/1/80 | 01XN-2095-WCA |

45.    Upon information and belief, Fireman's Fund issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/78-1/1/79 | XLX 2199648 |
| 1/1/79-1/1/80 | XLX 1369446 |
| 1/1/80-1/1/81 | XLX 1372347 |
| 1/1/81-1/1/82 | XLX 1437275 |

| | |
|---|---|
| 1/1/77-1/1/78 | XLX 1267210 |
| 1/1/80-1/1/81 | XLX 1372348 |
| 1/1/81-1/1/82 | XLX 1437276 |
| 1/1/82-1/1/83 | XLX 1481670 |
| 1/1/83-1/1/84 | XLX 1485450 |
| 1/1/83-1/1/84 | XLX 1485451 |

46.    Upon information and belief, Allianz issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | UL 558313 |
| 1/1/83-1/1/84 | UL 558328 |
| 1/1/82-1/1/83 | XL 559514 |
| 1/1/83-1/1/84 | XUMB 572210 |
| 1/1/83-1/1/84 | XUMB 572211 |
| 7/14/82-1/1/83 | XLX 559529 |

47.    Upon information and belief, Hartford issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | 10 XS 100151 |
| 1/1/78-1/1/79 | 10 XS 100558 |
| 1/1/79-1/1/80 | 10 XS 100747 |
| 1/1/80-1/1/81 | 10 XS 100895 |
| 1/1/81-1/1/82 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS CB6993 |
| 1/1/83-1/1/84 | 10 XS 102116 |
| 1/1/84-1/1/85 | 10 XS 103246 |
| 1/1/84-1/1/85 | 10 XS 103245 |
| 1/1/83-1/1/84 | 10 XS HC0794 |

48.    Upon information and belief, Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|

6/30/64-6/30/67 (cancelled 6/30/65)   XBC 1431
6/30/65-6/30/68   XBC 1710
6/30/68-6/30/71   XBC 41938

49.     Upon information and belief, Indemnity Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/64-6/30/67 | XBC 1431 |
| 6/30/65-6/30/68 | XBC 1710 |
| 6/30/68-6/30/71 | XBC 41938 |
| 1/1/84-1/1/85 | XCP 145079 |
| 1/1/85-1/1/86 | XCP 156662 |

50.     Upon information and belief, Aetna Insurance Company (now ACE P&C) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/73-1/1/74 | CG 230385 |
| 1/1/74-1/1/75 | CG 299590 |
| 1/1/75-1/1/76 | CG 674030 |
| 1/1/76-1/1/77 | CG 870877 |
| 1/1/77-1/1/78 | CG 569390 |
| 1/1/78-1/1/79 | CG 128612 |

51.     Upon information and belief, National Union issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/74-1/1/77 | BE 1118800 |
| 1/1/77-1/1/78 | 1224261 |
| 1/1/79-1/1/80 | GLA 1269100 |
| 1/1/80-1/1/81 | GLA 1270628RA |
| 1/1/80-1/1/81 | GLA 9782437 |
| 1/1/81-1/1/82 | GLA 1272716RA |
| 1/1/81-1/1/82 | GLA 9910486 |

|  |  |
|---|---|
| 1/1/82-1/1/83 | GLA 9456417RA |
| 1/1/83-1/1/84 (ext. to 1/1/85) | GLA 9456746RA |
| 1/1/85-1/1/86 | GLA 1940230RA |

52.    Upon information and belief, American Home issued one comprehensive general liability policy to Kentile.  This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/71-6/30/74 | BE 2730735 |

53.    Upon information and belief, Granite issued one comprehensive general liability policy to Kentile.  This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/85-1/1/86 | 6485-6458 |

54.    Upon information and belief, Liberty Mutual issued comprehensive general liability policies to Kentile.  These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/50-1/1/51 | CGL-09-11168-XY |
| 1/1/51-1/1/52 | CGL-9-91-3205-51-XY |
| 1/1/52-1/1/53 | CGL-90913205-52-XY |
| 1/1/55-1/1/56 | LP-9-913205-55-XY |
| 1/1/57-1/1/58 | LP-1023-200083-37 |
| 1/1/65-1/1/66 | LT1-123-010533-025B |
| 1/1/70-1/1/71 | LGI 123-010533-020B |
| 1/1/71-1/1/72 | LGI 123-010533-021B |
| 1/1/72-1/1/73 | LGI 123-010533-022B |

55.    Upon information and belief, Federal issued one comprehensive general liability policy to Kentile.  This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/62-6/30/65 | XFL 7716-32-66 |

56.    Upon information and belief, Transport issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
| --- | --- |
| 1/1/85-6/15/85 | TEL 01188 |

57.    Upon information and belief, International (now TIG) issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
| --- | --- |
| 1/1/87-1/1/88 | 523-449-871 |

58.    Upon information and belief, Home issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
| --- | --- |
| 1/1/77-1/1/78 | HEC 9345894 |
| 1/1/78-1/1/79 | HEC 9655432 |
| 1/1/79-1/1/80 | HEC 9802011 |
| 1/1/80-1/1/81 | HEC 9834171 |
| 1/1/81-1/1/82 | HEC 991128 |

59.    Upon information and belief, Integrity issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
| --- | --- |
| 1/1/82-1/1/83 | XL 203722 |
| 1/1/83-1/1/84 | XL 203722 |
| 1/1/84-1/1/85 | XL 208216 |

60.    Upon information and belief, Midland issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
| --- | --- |

1/1/77-1/1/78                    XL 152151
1/1/78-1/1/79                    XL 148308

61.    Upon information and belief, Reliance issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

Policy Term                      Policy Number

3/1/93-3/1/94                    NGA 1493837

## IMPROPER REFUSALS TO CONTRIBUTE TO KENTILE'S DEFENSE AND INDEMNITY COSTS

62.    Beginning in or about July 2003, American Home contributed to the defense and indemnification of Kentile under the terms of Policy BE 2730735.

63.    In or around February 2007, American Home refused to further contribute to Kentile's defense and indemnity costs under the terms of the Policy BE 2730735.

64.    American Home has improperly claimed that Policy BE 2730735 has been exhausted by payment of sums for the defense and indemnification of Kentile.

65.    American Home is obligated under the terms of Policy BE 2730735 to contribute to Kentile's defense and indemnity costs until such time as Policy BE 2730735 exhausts by payment of indemnity on behalf of Kentile.

66.    Beginning on or about July 2003, National Union contributed to the defense and indemnification of Kentile under the terms of Policy BE 1118800.

67.    In or around January 2008, National Union announced its refusal to further contribute to Kentile's defense and indemnity costs under the terms of the Policy BE 1118800.

68.    National Union has improperly claimed that Policy BE 1118800 has been exhausted by payment of sums for the defense and indemnification of Kentile.

- 20 -

69.    National Union is obligated under the terms of Policy BE 1118800 to contribute to Kentile's defense and indemnity costs until such time as Policy BE 1118800 exhausts by payment of indemnity on behalf of Kentile.

70.    Beginning on or about July 2003, Century contributed to the defense and indemnification of Kentile under the terms of Policy XBC 1710.

71.    In or around April 2004, Century refused to further contribute to Kentile's defense and indemnity costs under the terms of the Policy XBC 1710.

72.    Century has improperly claimed that Policy XBC 1710 has been exhausted by payment of sums for the defense and indemnification of Kentile.

73.    Century is obligated under the terms of Policy XBC 1710 to contribute to Kentile's defense and indemnity costs until such time as the limits of Policy XBC 1710 are exhausted.

74.    Metex is required by law to contribute to the defense and indemnification of Kentile for damages paid to Subsequent Asbestos Claims.

75.    Metex has improperly refused to contribute to the defense and indemnification of Kentile for Subsequent Asbestos Claims.

76.    Federal has improperly refused to contribute to Kentile's defense and indemnity costs under the terms of policy XFL 7716-32-66.

77.    On or about March 26, 2008, National Fire was forced by the foregoing actions of American Home, National Union, and Century, as well as the improper refusals of other Defendants to contribute to the defense and indemnification of Kentile, to fund one hundred percent of the authorized costs incurred from and after March 26, 2008 in the defense of Kentile

for Asbestos Claims and one hundred percent of the costs incurred for indemnification for settlements authorized after March 26, 2008 for Asbestos claims.

78.    National Fire is entitled to recover from the defendants, except for the Unfunded Settlement Claimants, any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share.

### AS AND FOR A FIRST CAUSE OF ACTION
(Against all Defendants)

79.    Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 77 above.

80.    Plaintiff seeks a judicial determination of the rights and duties of the Plaintiffs and Defendants with respect to an actual controversy arising out of the alleged insurance policies listed in paragraphs 42 through 61, hereof (the "Insurance Policies").

81.    Upon information and belief, Kentile contends that Plaintiffs and the Insurer Defendants are obligated under the terms of their respective policies to provide coverage in connection with Asbestos Claims against Kentile, which coverage Kentile contends obligates Plaintiffs and Insurer Defendants to indemnify Kentile with respect to Asbestos Claims and to indemnify Kentile for the costs paid to date by or on behalf of Kentile in defense of Asbestos Claims.

82.    Upon information and belief, defendant Metex is liable to Plaintiffs and the Insurer Defendants for defense and indemnity costs paid by Plaintiffs and the Insurer Defendants in connection with Subsequent Asbestos Claims against Kentile.

83.    To the extent that Plaintiffs and Defendants may be found liable to Kentile for defense and indemnity in connection with the Asbestos Claims, Plaintiffs are entitled to an

apportionment of liability and reimbursement of any amounts paid in excess of their share pursuant to applicable law and the Plaintiffs' and Defendants' respective policies.

84.    An actual justiciable controversy presently exists between the Plaintiffs and Defendants regarding the proper construction of the alleged insurance policies listed in paragraphs 42 through 61, hereof, and the rights and obligations of the parties with respect to the underlying Asbestos Claims.

### AS AND FOR A SECOND CAUSE OF ACTION
(Against Allianz, American Home, National Union, and Century)

85.    Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 83 above.

86.    Prior to the settlement of Asbestos Claims filed against Kentile by the Unfunded Settlement Claimants, defendants Allianz, American Home, National Union, and Century, as well as plaintiff National Fire, (hereafter "Authorizing Parties") agreed under the terms of their respective policies to authorize the payment of sums as damages to such claimants (hereafter "Individual Settlement Agreements").

87.    Pursuant to the Individual Settlement Agreements, the Authorizing Parties agreed to pay a share of the amount paid to settle the claims of each of the Unfunded Settlement Claimants.

88.    Prior to the filing of this Action, American Home entered into Individual Settlement Agreements under the terms of Policy BE 2730735 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and America Home has subsequently refused to pay the amount it authorized.

89.    Prior to the filing of this Action, National Union entered into Individual Settlement Agreements under the terms of Policy BE 1118800 to authorize Kentile's defense

- 23 -

counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and National Union has subsequently refused to pay the amount it authorized.

90.    Prior to the filing of this Action, Allianz entered into Individual Settlement Agreements under the terms of Policy XL 559514 and Policy UL 558328 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Allianz has subsequently refused to pay the amount it authorized.

91.    Prior to the filing of this Action, Century entered into Individual Settlement Agreements under the terms of Policy XBC 1710 and Policy XBC 41938 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Century has subsequently refused to pay the amount it authorized.

92.    To the extent that Defendants Allianz, American Home, National Union, and Century have refused to pay the amounts authorized to settle the claims of the Unfunded Settlement Claimants, they have materially breached the terms of the Individual Settlement Agreements.

93.    The material breaches, individually and collectively, by defendants Allianz, American Home, National Union, and Century of the Individual Settlement Agreements have caused the settlements of the Unfunded Settlement Claimants to be only partially funded.

94.    Kentile and its defense of Asbestos Claims have been and will continue to be impaired as a result of the improper refusals by defendants Allianz, American Home, National Union, and Century, to pay the settlements authorized by the Individual Settlement Agreements.

95.    Plaintiffs, the Insurer Defendants, and Metex have suffered and will continue to suffer damages as a result of the improper refusals of defendants Allianz, American Home,

National Union, and Century to pay the settlements authorized by the Individual Settlement Agreements.

**WHEREFORE,** plaintiffs request that this Court declare and adjudge:

A.    that the Insurer Defendants have improperly refused to indemnify Kentile with respect to Asbestos Claims and to indemnify Kentile for the costs paid to date by or on behalf of Kentile in defense of Asbestos Claims under the terms of their respective insurance policies;

B.    that the Insurer Defendants must continue to contribute to Kentile's defense and indemnity costs under the terms of their respective insurance policies

C.    that defendant Metex must defend and indemnify Kentile;

D.    that the Insurer Defendants and defendant Metex must pay the sums, including attorneys' fees, interest and litigation expenses incurred in defending Kentile, and payments made or to be made to claimants against Kentile as a result of those defendants' improper refusals to indemnify Kentile with respect to Asbestos Claims and to indemnify Kentile for the costs paid to date by or on behalf of Kentile in defense of Asbestos Claims under the terms of their respective insurance policies

E.    that defendants Allianz, National Union, American Home, and Century breached the Individual Settlement Agreements;

F.    that defendants Allianz, National Union, American Home, and Century are obligated under the terms of the Individual Settlement Agreements to pay their pro-rata, by time-on-the-risk, share of all authorized settlements;

G.    that plaintiff National Fire is not obligated to pay the outstanding balances owed by Kentile on all claims held by the Unfunded Settlement Claimants which represent the

amounts authorized by defendants Allianz, National Union, American Home, and Century under the terms of the Individual Settlement Agreements;

H.    that plaintiff National Fire is entitled to recover any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share together with interest and costs;

I.    for a declaration of the Insurer Defendants' rights and obligations under the Insurance Policies; and

J.    that plaintiffs have such other, different and further relief as the Court may deem necessary and proper.

Dated: May 15, 2008

FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.

By: _____
Edward M. Pinter
Wall Street Plaza
New York, New York 10005-1875
(212) 269-4900
*Attorneys for Plaintiffs National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor-in-interest to certain policies issued by Harbor Insurance Company*

NEW YORK
COUNTY CLERKS OFFICE
MAY 15 2008
NOT COMPARED
WITH COPY FILE

# EXHIBIT C

## Copy of State Court Docket Sheet

```
CCPCVMB                                              DATE: 06/12/2008
INDEX NO: 105522 2008           NEW YORK COUNTY CLERK      TIME: 12:35:58
PURCHASE: 04172008         CIVIL INDEX MINUTE BOOK INQUIRY

PLAINTIFF NAME: NATIONAL FIRE INS C  DEFENDANT NAME: TRAVELERS CASUALTY & SURE
      ATTORNEY: FORD MARRIN ESPOSIT       ATTORNEY: UNKNOWN
                WALL STREET PLAZA
                NEW YORK, NEW YORK
                1-212 269-4900
SEQ   DATE                   MINUTES
0001  04172008               SUMMONS AND COMPLAINT


0001  05152008               SUMMONS
                             1ST AMENDED COMPLAINT FOR DECLARATORY
                             JUDGMENT & FURTHER RELIEF




                                    NEXT INDEX NUMBER:          /
 F2=PRINT  F3=EXIT  F5=VIEW NEXT  F7=BACKWARD  F8=FORWARD  F12=EXIT MAIN
```