SCANNED ON 4/18/2008



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain policies issued by HARBOR INSURANCE COMPANY;

Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY; FIREMAN'S FUND INSURANCE COMPANY; ALLIANZ INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA; ACE PROPERTY AND CASUALTY INSURANCE COMPANY, formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formerly AETNA INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN HOME ASSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; TRANSPORT INSURANCE COMPANY; TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY; ROGER A. SEVIGNY, the Commissioner of Insurance of the State of New Hampshire, as Liquidator of THE HOME INSURANCE COMPANY; STEVEN M. GOLDMAN, the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of INTEGRITY INSURANCE COMPANY; ERIC R. DINALLO, Superintendent of Insurance of the State of New York, as Liquidator of MIDLAND INSURANCE COMPANY; JOEL ARIO, Acting Insurance Commissioner of the State of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY; JOANNE DOES, THIRD-PARTY LIABILITY INSURERS, being carriers other

Index No.:

**SUMMONS**

08105522



than the aforenamed who issued third-party liability insurance to KENTILE FLOORS, INC.; KENTILE FLOORS, INC.; METEX MFG. CORPORATION; JOHN LESLIE ALLEN; CARL BEEL; GILBERT CARRIZALES; ESTATE OF MARIA CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK; ROBERT DEGLAU; SUSANNE DELISLE; JOHN DURO; ESTATE OF HAROLD ELSNER; EMILY FABINIAK; ANGEL FERNANDEZ; ESTATE OF RICHARD FINDLAY; WILLIAM GALANIS; ESTATE OF CHESTER GIESE; ESTATE OF ORVILLE GROOTEMAAT; ROBERT GUNDERSON; ESTATE OF EDSEL HANKA; HARVEY HELFAND; ESTATE OF VIRGIL HORNER; GILBERT IEM; ESTATE OF RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT KENNEMORE; ESTATE OF BERNHARDT KOEPPEN; ESTATE OF RUDOLPH KOLETIC; WALTER KONWAY; GEORGE LACKMAN; ESTATE OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF WILLIAM LEITZEL; ESTATE OF FRANK LONGO; RONALD MATA; ESTATE OF BRUCE MAYNARD; PHILLIP MAZZOCCHI; JOHN MCTAGGART; ESTATE OF GEORGE MEANOR; CHARLES MILLER; ESTATE OF PETER MISHKO; JACK NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN PALL; THOMAS PAWLOWSKI; ESTATE OF HOWARD PRATT; WILLIAM PURCELL; ESTATE OF EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF CLAY RICH; ESTATE OF LEON ROBERTS; BENITO ROSALES; ESTATE OF RAYMOND ROSWELL; ESTATE OF HOWARD SCHOENFELD; ESTATE OF MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE OF RICHARD SHANK; ESTATE OF GEORGE SHEPARD; CHARLES SHULL; CARL SOBCZAK; MARILYN STRATTON; ESTATE OF CARL STUDE; ESTATE OF FLORENCE THOMPSON; JAMES URBACH; ROSE MARY VICARI; ALBERTO VULTAGGIO; JACK WADE; JAMES WEESE; HOWARD WENZEL; ESTATE OF GEORGE WILENT; ESTATE OF VICTOR YANNOTTI; and SYDNEY ZIFF,

Defendants.



Supreme Court Records OnLine Library - page 2 of 30

To the above-named defendant:

You are hereby summoned and required to serve upon plaintiff' attorney an answer to the Complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Venue is proper in this county because the plaintiff resides herein, and/or the defendants are non-residents who may be sued here pursuant to sections 503(a) and 503(c) of the CPLR. . All named parties are domiciled in the State of New York and/or transact business in the State of New York.

Dated: April 17, 2008
New York, New York

FORD MARRIN ESPOSITO WITMEYER
& GLESER, LLP

By: [signature]
Edward M. Pinter
Wall Street Plaza
New York, New York 10005-1875
(212) 269-4900
*Attorneys for Plaintiffs National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor-in-interest to certain policies issued by Harbor Insurance Company*



Supreme Court Records OnLine Library - page 3 of 30

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain policies issued by HARBOR INSURANCE COMPANY;

Plaintiffs,

-against-

TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY; FIREMAN'S FUND INSURANCE COMPANY; ALLIANZ INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA; ACE PROPERTY AND CASUALTY INSURANCE COMPANY, formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formerly AETNA INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN HOME ASSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; TRANSPORT INSURANCE COMPANY; TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY; ROGER A. SEVIGNY, the Commissioner of Insurance of the State of New Hampshire, as Liquidator of THE HOME INSURANCE COMPANY; STEVEN M. GOLDMAN, the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of INTEGRITY INSURANCE COMPANY; ERIC R. DINALLO, Superintendent of Insurance of the State of New York, as Liquidator of MIDLAND INSURANCE COMPANY; JOEL ARIO, Acting Insurance Commissioner of the State of Pennsylvania, as Liquidator of RELIANCE INSURANCE COMPANY; JOANNE DOES, THIRD-PARTY LIABILITY INSURERS, being carriers other

Index No.:

**COMPLAINT FOR DECLARATORY JUDGMENT AND FURTHER RELIEF**

08105522



than the aforenamed who issued third-party liability insurance to KENTILE FLOORS, INC.; KENTILE FLOORS, INC.; METEX MFG. CORPORATION; JOHN LESLIE ALLEN; CARL BEEL; GILBERT CARRIZALES; ESTATE OF MARIA CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK; ROBERT DEGLAU; SUSANNE DELISLE; JOHN DURO; ESTATE OF HAROLD ELSNER; EMILY FABINIAK; ANGEL FERNANDEZ; ESTATE OF RICHARD FINDLAY; WILLIAM GALANIS; ESTATE OF CHESTER GIESE; ESTATE OF ORVILLE GROOTEMAAT; ROBERT GUNDERSON; ESTATE OF EDSEL HANKA; HARVEY HELFAND; ESTATE OF VIRGIL HORNER; GILBERT IEM; ESTATE OF RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT KENNEMORE; ESTATE OF BERNHARDT KOEPPEN; ESTATE OF RUDOLPH KOLETIC; WALTER KONWAY; GEORGE LACKMAN; ESTATE OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF WILLIAM LEITZEL; ESTATE OF FRANK LONGO; RONALD MATA; ESTATE OF BRUCE MAYNARD; PHILLIP MAZZOCCHI; JOHN MCTAGGART; ESTATE OF GEORGE MEANOR; CHARLES MILLER; ESTATE OF PETER MISHKO; JACK NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN PALL; THOMAS PAWLOWSKI; ESTATE OF HOWARD PRATT; WILLIAM PURCELL; ESTATE OF EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF CLAY RICH; ESTATE OF LEON ROBERTS; BENITO ROSALES; ESTATE OF RAYMOND ROSWELL; ESTATE OF HOWARD SCHOENFELD; ESTATE OF MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE OF RICHARD SHANK; ESTATE OF GEORGE SHEPARD; CHARLES SHULL; CARL SOBCZAK; MARILYN STRATTON; ESTATE OF CARL STUDE; ESTATE OF FLORENCE THOMPSON; JAMES URBACH; ROSE MARY VICARI; ALBERTO VULTAGGIO; JACK WADE; JAMES WEESE; HOWARD WENZEL; ESTATE OF GEORGE WILENT; ESTATE OF VICTOR YANNOTTI; and SYDNEY ZIFF,

Defendants.



Supreme Court Records OnLine Library - page 5 of 30

## COMPLAINT

Plaintiffs, National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor-in-interest to certain policies issued by Harbor Insurance Company, by and through their attorneys, Ford Marrin Esposito Witmeyer & Gleser, L.L.P., for their Complaint against the defendants, Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company; Allianz Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; Roger A. Sevigny, the Commissioner of Insurance of the State of New Hampshire, as Liquidator of The Home Insurance Company; Steven M. Goldman, the Commissioner of Banking and Insurance of the State of New Jersey, as Liquidator of Integrity Insurance Company; Eric R. Dinallo, Superintendent of Insurance of the State of New York, as Liquidator of Midland Insurance Company; Joel Ario, Acting Insurance Commissioner of the State of Pennsylvania, as Liquidator of Reliance Insurance Company; Joanne Does, Third-Party Liability Insurers, being carriers other than the aforenamed who issued third-party liability insurance to Kentile Floors, Inc.; Kentile Floors, Inc.; Metex Mfg. Corporation; John Leslie Allen; Carl Beel; Gilbert Carrizales; Estate of Maria Cavallini; John Cavounis; Robert Clark;



Supreme Court Records OnLine Library - page 6 of 30

Robert Deglau; Susanne Delisle; John Duro; Estate of Harold Elsner; Emily Fabiniak; Angel Fernandez; Estate of Richard Findlay; William Galanis; Estate of Chester Giese; Estate of Orville Grootemaat; Robert Gunderson; Estate of Edsel Hanka; Harvey Helfand; Estate of Virgil Horner; Gilbert Iem; Estate of Richard Jeffers; Hubert Johnston; Robert Kennemore; Estate of Bernhardt Koeppen; Estate of Rudolph Koletic; Walter Konway; George Lackman; Estate of Emil Lauf; F. Lee Lawrence; Estate of William Leitzel; Estate of Frank Longo; Ronald Mata; Estate of Bruce Maynard; Phillip Mazzocchi; John McTaggart; Estate of George Meanor; Charles Miller; Estate of Peter Mishko; Jack Nacht; Estate of Nicholas Palazzo; John Pall; Thomas Pawlowski; Estate of Howard Pratt; William Purcell; Estate of Edward Putlock; John Rhein; Estate of Clay Rich; Estate of Leon Roberts; Benito Rosales; Estate of Raymond Roswell; Estate of Howard Schoenfeld; Estate of Marie Schons; Stephen Schwartz; Edward Sedlacek; Estate of Morris Segal; Estate of Richard Shank; Estate of George Shepard; Charles Shull; Carl Sobczak; Marilyn Stratton; Estate of Carl Stude; Estate of Florence Thompson; James Urbach; Rose Mary Vicari; Alberto Vultaggio; Jack Wade; James Weese; Howard Wenzel; Estate of George Wilent; Estate of Victor Yannotti; and Sydney Ziff, and allege as follows:

## INTRODUCTION

1. This is a civil action for declaratory judgment arising from the issuance of liability insurance policies by plaintiffs and defendants Travelers Casualty and Surety Company, formerly The Aetna Casualty and Surety Company; Fireman's Fund Insurance Company; Allianz Insurance Company; Hartford Accident and Indemnity Company; Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America and Indemnity Insurance Company of North America; ACE Property and Casualty Insurance Company, formerly Cigna Property and Casualty Insurance Company, formerly Aetna



Supreme Court Records OnLine Library - page 7 of 30

Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American Home Assurance Company; Granite State Insurance Company; Liberty Mutual Insurance Company; Federal Insurance Company; Transport Insurance Company; TIG Insurance Company, as successor by merger to International Insurance Company; The Home Insurance Company; Integrity Insurance Company; Midland Insurance Company; and Reliance Insurance Company; or their respective predecessors, successors or liquidators (hereafter "Insurer Defendants") to Kentile Floors, Inc. ("Kentile").

2. Plaintiffs seek a declaration of the rights, duties and liabilities of the parties under the insurance policies issued by the Insurer Defendants, or their respective predecessors, to Kentile with respect to underlying claims for bodily injury allegedly caused, in whole or in part, by exposure to asbestos in floor tiles manufactured and/or sold by Kentile (hereafter "Asbestos Claims").

**THE PARTIES**

3. Plaintiff NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY ("National Fire") is a corporation duly organized and existing under the laws of the State of Illinois, and is engaged in the business of insurance. National Fire and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

4. Plaintiff CONTINENTAL INSURANCE COMPANY ("Continental") is a corporation incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Continental is the successor-in-interest to certain policies issued by Harbor Insurance Company ("Harbor"). Continental is now, and was at all times relevant to the



Supreme Court Records OnLine Library - page 8 of 30

Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

5. Upon information and belief, defendant TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY ("Travelers") is incorporated under the laws of the State of Connecticut and is engaged in the business of insurance. Upon information and belief, Travelers and/or its predecessor are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

6. Upon information and belief, defendant FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") is incorporated under the laws of the State of California and is engaged in the business of insurance. Upon information and belief, Fireman's Fund is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

7. Upon information and belief, defendant ALLIANZ INSURANCE COMPANY ("Allianz") is incorporated under the laws of the State of Minnesota and is engaged in the business of insurance. Upon information and belief, Allianz is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

8. Upon information and belief, defendant HARTFORD ACCIDENT AND INDEMNITY COMPANY ("Hartford") is a corporation incorporated under the laws of the State of Connecticut and is engaged in the business of insurance. Upon information and belief,



Supreme Court Records OnLine Library - page 9 of 30

Hartford is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

9. Upon information and belief, defendant CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ("Century") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, Century and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

10. Upon information and belief, defendant ACE PROPERTY AND CASUALTY INSURANCE COMPANY (formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formally AETNA INSURANCE COMPANY) ("ACE P&C") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, ACE P&G and/or its predecessors are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

11. Upon information and belief, defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA ("National Union") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, National Union is now, and was at all times relevant to the Complaint, licensed or



Supreme Court Records OnLine Library - page 10 of 30

authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

12. Upon information and belief, defendant AMERICAN HOME ASSURANCE COMPANY ("American Home") is incorporated under the laws of the State of New York and is engaged in the business of insurance. Upon information and belief, American Home is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

13. Upon information and belief, defendant GRANITE STATE INSURANCE COMPANY ("Granite") is incorporated under the laws of the State of Pennsylvania and is engaged in the business of insurance. Upon information and belief, Granite is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

14. Upon information and belief, defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual") is incorporated under the laws of the State of Massachusetts and is engaged in the business of insurance. Upon information and belief, Liberty Mutual is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

15. Upon information and belief, defendant FEDERAL INSURANCE COMPANY ("Federal") is incorporated under the laws of the State of Indiana and is engaged in the business of insurance. Upon information and belief, Federal is now, and was at all times relevant to the



Supreme Court Records OnLine Library - page 11 of 30

Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

16. Upon information and belief, defendant TRANSPORT INSURANCE COMPANY ("Transport") is incorporated under the laws of the State of Ohio and is engaged in the business of insurance. Upon information and belief, Transport is now, and was at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

17. Upon information and belief, defendant TIG INSURANCE COMPANY ("TIG") is the successor by merger to INTERNATIONAL INSURANCE COMPANY ("International") and is incorporated under the laws of the State of California. Upon information and belief, TIG and/or International are now, and were at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

18. Upon information and belief, defendant ROGER A. SEVIGNY is the Commissioner of Insurance of the State of New Hampshire and is the Liquidator of THE HOME INSURANCE COMPANY ("Home"), which was incorporated under the laws of the State of New Hampshire. Upon information and belief, Home was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

19. Upon information and belief, defendant STEVEN M. GOLDMAN is the Commissioner of Banking and Insurance of the State of New Jersey and is the Liquidator of INTEGRITY INSURANCE COMPANY ("Integrity"), which was incorporated under the laws of the State of New Jersey. Upon information and belief, Integrity was, at all times relevant to



Supreme Court Records OnLine Library - page 12 of 30

the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

20. Upon information and belief, defendant ERIC R. DINALLO is the Superintendent of Insurance of the State of New York and is the Liquidator of MIDLAND INSURANCE COMPANY ("Midland"), which was incorporated under the laws of the State of New York. Upon information and belief, Midland was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

21. Upon information and belief, defendant JOEL ARIO is the Acting Insurance Commissioner of the State of Pennsylvania and is the Liquidator of RELIANCE INSURANCE COMPANY ("Reliance"), which was incorporated under the laws of the State of Pennsylvania. Upon information and belief, Reliance was, at all times relevant to the Complaint, licensed or authorized by various states, including New York, to issue insurance policies, including comprehensive general liability insurance policies.

22. Upon information and belief, defendants JOANNE DOES, THIRD-PARTY LIABILITY INSURERS are carriers other than the aforenamed who issued third-party liability insurance to Kentile.

23. Upon information and belief, defendant KENTILE FLOORS, INC. ("Kentile") was a New York corporation at the time the Defendant Insurers issued the insurance policies at issue in this declaratory judgment action. Kentile was a manufacturer of floor tile that allegedly contained asbestos and is the entity to which all of the insurance policies at issue in this declaratory judgment action were issued. References to "Kentile" are to Kentile as defined above, and/or to the post-bankruptcy reorganized Debtor.



Supreme Court Records OnLine Library - page 13 of 30

24. Upon information and belief, defendant METEX MFG. CORPORATION ("Metex") is a corporation incorporated under the laws of the State of New York. Upon information and belief, defendant Metex is licensed or authorized to conduct business in the State of New York.

25. Upon information and belief, defendants JOHN LESLIE ALLEN; CARL BEEL; GILBERT CARRIZALES; ESTATE OF MARIA CAVALLINI; JOHN CAVOUNIS; ROBERT CLARK; ROBERT DEGLAU; SUSANNE DELISLE; JOHN DURO; ESTATE OF HAROLD ELSNER; EMILY FABINIAK; ANGEL FERNANDEZ; ESTATE OF RICHARD FINDLAY; WILLIAM GALANIS; ESTATE OF CHESTER GIESE; ESTATE OF ORVILLE GROOTEMAAT; ROBERT GUNDERSON; ESTATE OF EDSEL HANKA; HARVEY HELFAND; ESTATE OF VIRGIL HORNER; GILBERT IEM; ESTATE OF RICHARD JEFFERS; HUBERT JOHNSTON; ROBERT KENNEMORE; ESTATE OF BERNHARDT KOEPPEN; ESTATE OF RUDOLPH KOLETIC; WALTER KONWAY; GEORGE LACKMAN; ESTATE OF EMIL LAUF; F. LEE LAWRENCE; ESTATE OF WILLIAM LEITZEL; ESTATE OF FRANK LONGO; RONALD MATA; ESTATE OF BRUCE MAYNARD; PHILLIP MAZZOCCHI; JOHN MCTAGGART; ESTATE OF GEORGE MEANOR; CHARLES MILLER; ESTATE OF PETER MISHKO; JACK NACHT; ESTATE OF NICHOLAS PALAZZO; JOHN PALL; THOMAS PAWLOWSKI; ESTATE OF HOWARD PRATT; WILLIAM PURCELL; ESTATE OF EDWARD PUTLOCK; JOHN RHEIN; ESTATE OF CLAY RICH; ESTATE OF LEON ROBERTS; BENITO ROSALES; ESTATE OF RAYMOND ROSWELL; ESTATE OF HOWARD SCHOENFELD; ESTATE OF MARIE SCHONS; STEPHEN SCHWARTZ; EDWARD SEDLACEK; ESTATE OF MORRIS SEGAL; ESTATE OF RICHARD SHANK; ESTATE OF GEORGE SHEPARD; CHARLES SHULL;



Supreme Court Records OnLine Library - page 14 of 30

CARL SOBCZAK; MARILYN STRATTON; ESTATE OF CARL STUDE; ESTATE OF FLORENCE THOMPSON; JAMES URBACH; ROSE MARY VICARI; ALBERTO VULTAGGIO; JACK WADE; JAMES WEESE; HOWARD WENZEL; ESTATE OF GEORGE WILENT; ESTATE OF VICTOR YANNOTTI; and SYDNEY ZIFF, (collectively, "Unfunded Settlement Claimants"), are individuals who settled their underlying Asbestos Claims with Kentile, but whose settlements have not been fully funded.

## JURISDICTION AND VENUE

26. Pursuant to section 3001 of the Civil Practice Law and Rules (the "CPLR") as well as other statutory and common law bases, this Court has jurisdiction over the subject matter of this action.

27. Pursuant to sections 301, 302(a)(1) and 302(a)(4) of the CPLR as well as other statutory, constitutional and common law bases, this Court has personal jurisdiction over each of the defendants because each defendant does business within the State of New York, has consented to the jurisdiction of this Court, and/or because the causes of action arise in whole or part from the defendants' activities, transaction of business in the State and/or their ownership, use or possession of real property within the State of New York. In addition, the Unfunded Settlement Claimants claim rights under insurance policies issued in New York to a New York corporation (Kentile). In addition, the Insurer Defendants, Kentile, and Metex are or were transacting business in the State of New York within the time periods relevant to the causes of action stated herein.

28. Venue is proper in this county because the plaintiff resides herein, and/or the defendants are non-residents who may be sued here pursuant to sections 503(a) and 503(c) of the CPLR.



Supreme Court Records OnLine Library - page 15 of 30