## RELATIONSHIP AMONG THE PARTIES

29.  Kentile is a New York corporation which was headquartered in New York throughout its existence. Kentile was a manufacturer of floor tile between the years of 1906 through 1992. Kentile is the entity to whom the insurance policies at issue in this action were issued.

30.  Plaintiffs and Defendants, with the exception of Kentile, Metex, and the Unfunded Settlement Claimants, are insurance companies, or liquidators for insurance companies, that at all relevant times were authorized to do business in the State of New York and did business in the State of New York.

31.  Plaintiffs and the Insurer Defendants issued and delivered to Kentile in the State of New York at its then principal place of business at 58 Second Avenue, Brooklyn, New York 11215, certain third-party liability insurance policies.

32.  Upon information and belief, the Insurer Defendants each issued third-party liability insurance policies to Kentile at the same principal place of business at 58 Second Avenue, Brooklyn, New York 11215.

33.  On or about November 20, 1992, Kentile filed a voluntary petition for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.

34.  On or about December 15, 1998, the U.S. Bankruptcy Court for the Southern District of New York confirmed Kentile's reorganization plan (the "Reorganization Plan") pursuant to section 1129 of the Bankruptcy Code, whereby Kentile was reorganized.

35.  Kentile commenced its Chapter 11 bankruptcy case in the name "Kentile Floors, Inc."

36. Upon information and belief, defendant Metex is or has represented itself to be the Reorganized Debtor Kentile and/or to be successor to the liabilities of said Reorganized Debtor Kentile.

37. To date, numerous individuals and entities have filed Asbestos Claims against Kentile in New York, as well as in other states. Plaintiffs and the Insurer Defendants anticipate numerous individuals and entities filing future Asbestos Claims against Kentile.

38. Upon information and belief, pursuant to the Reorganization Plan, holders of Asbestos Claims filed against Kentile prior to the confirmation of its Reorganization Plan are entitled to pursue their claims against Kentile to the extent of Kentile's insurance coverage relating to their claims.

39. Upon information and belief, holders of Asbestos Claims filed against Kentile after the confirmation of its Reorganization Plan do not possess any rights under the insurance policies at issue in this declaratory judgment action.

40. Upon information and belief, holders of Asbestos Claims not filed against Kentile prior to the confirmation date of Kentile's Reorganization Plan were not represented during Kentile's bankruptcy proceeding (hereafter "Subsequent Asbestos Claims").

41. As the Reorganized Debtor, Metex is liable to contribute to the indemnification of Kentile for damages paid in connection with Subsequent Asbestos Claims.

### THE INSURANCE POLICES

42. Transcontinental Insurance Company (now National Fire) issued liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | RDX 009616542 |
| 1/1/83-1/1/84 | RDX 009616557 |

- 14 -

| | |
|---|---|
| 1/1/84-1/1/85 | UMB 008442089 |
| 1/1/85-1/1/86 | UMB 1672704 |

43. Harbor issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/84-1/1/85 | HI 180020 |

44. Upon information and belief, The Aetna Casualty and Surety Company (now Travelers) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 4/1/73-6/30/74 | 01XN-393-WCA |
| 6/30/74-1/1/77 | 01XN-572-WCA |
| 1/1/77-1/1/78 | 01XN-1177-WCA |
| 1/1/77-1/1/78 | 01XN-1339-WCA |
| 1/1/78-1/1/79 | 01XN-1570-WC |
| 1/1/79-1/1/80 | 01XN-2095-WCA |

45. Upon information and belief, Fireman's Fund issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/78-1/1/79 | XLX 2199648 |
| 1/1/79-1/1/80 | XLX 1369446 |
| 1/1/80-1/1/81 | XLX 1372347 |
| 1/1/81-1/1/82 | XLX 1437275 |
| 1/1/77-1/1/78 | XLX 1267210 |
| 1/1/80-1/1/81 | XLX 1372348 |
| 1/1/81-1/1/82 | XLX 1437276 |
| 1/1/82-1/1/83 | XLX 1481670 |
| 1/1/83-1/1/84 | XLX 1485450 |
| 1/1/83-1/1/84 | XLX 1485451 |

46. Upon information and belief, Allianz issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

- 15 -

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | UL 558313 |
| 1/1/83-1/1/84 | UL 558328 |
| 1/1/82-1/1/83 | XL 559514 |
| 1/1/83-1/1/84 | XUMB 572210 |
| 1/1/83-1/1/84 | XUMB 572211 |
| 7/14/82-1/1/83 | XLX 559529 |

47.     Upon information and belief, Hartford issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | 10 XS 100151 |
| 1/1/78-1/1/79 | 10 XS 100558 |
| 1/1/79-1/1/80 | 10 XS 100747 |
| 1/1/80-1/1/81 | 10 XS 100895 |
| 1/1/81-1/1/82 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS 102116 |
| 1/1/82-1/1/83 | 10 XS CB6993 |
| 1/1/83-1/1/84 | 10 XS 102116 |
| 1/1/84-1/1/85 | 10 XS 103246 |
| 1/1/84-1/1/85 | 10 XS 103245 |
| 1/1/83-1/1/84 | 10 XS HC0794 |

48.     Upon information and belief, Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/64-6/30/67 (cancelled 6/30/65) | XBC 1431 |
| 6/30/65-6/30/68 | XBC 1710 |
| 6/30/68-6/30/71 | XBC 41938 |

49.     Upon information and belief, Indemnity Insurance Company of North America (now Century) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

- 16 -

| Policy Term | Policy Number |
|---|---|
| 6/30/64-6/30/67 | XBC 1431 |
| 6/30/65-6/30/68 | XBC 1710 |
| 6/30/68-6/30/71 | XBC 41938 |
| 1/1/84-1/1/85 | XCP 145079 |
| 1/1/85-1/1/86 | XCP 156662 |

50. Upon information and belief, Aetna Insurance Company (now ACE P&C) issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/73-1/1/74 | CG 230385 |
| 1/1/74-1/1/75 | CG 299590 |
| 1/1/75-1/1/76 | CG 674030 |
| 1/1/76-1/1/77 | CG 870877 |
| 1/1/77-1/1/78 | CG 569390 |
| 1/1/78-1/1/79 | CG 128612 |

51. Upon information and belief, National Union issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 6/30/74-1/1/77 | BE 1118800 |
| 1/1/77-1/1/78 | 1224261 |
| 1/1/79-1/1/80 | GLA 1269100 |
| 1/1/80-1/1/81 | GLA 1270628RA |
| 1/1/80-1/1/81 | GLA 9782437 |
| 1/1/81-1/1/82 | GLA 1272716RA |
| 1/1/81-1/1/82 | GLA 9910486 |
| 1/1/82-1/1/83 | GLA 9456417RA |
| 1/1/83-1/1/84 (ext. to 1/1/85) | GLA 9456746RA |
| 1/1/85-1/1/86 | GLA 1940230RA |

52. Upon information and belief, American Home issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

- 17 -

Policy Term | Policy Number
--- | ---
6/30/71-6/30/74 | BE 2730735

53. Upon information and belief, Granite issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

Policy Term | Policy Number
--- | ---
1/1/85-1/1/86 | 6485-6458

54. Upon information and belief, Liberty Mutual issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

Policy Term | Policy Number
--- | ---
1/1/50-1/1/51 | CGL-09-11168-XY
1/1/51-1/1/52 | CGL-9-91-3205-51-XY
1/1/52-1/1/53 | CGL-90913205-52-XY
1/1/55-1/1/56 | LP-9-913205-55-XY
1/1/57-1/1/58 | LP-1023-200083-37
1/1/65-1/1/66 | LT1-123-010533-025B
1/1/70-1/1/71 | LGI 123-010533-020B
1/1/71-1/1/72 | LGI 123-010533-021B
1/1/72-1/1/73 | LGI 123-010533-022B

55. Upon information and belief, Federal issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

Policy Term | Policy Number
--- | ---
6/30/62-6/30/65 | XFL 7716-32-66

56. Upon information and belief, Transport issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

Policy Term | Policy Number
--- | ---
1/1/85-6/15/85 | TEL 01188

- 18 -

Supreme Court Records OnLine Library - page 21 of 30

57. Upon information and belief, International (now TIG) issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/87-1/1/88 | 523-449-871 |

58. Upon information and belief, Home issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | HEC 9345894 |
| 1/1/78-1/1/79 | HEC 9655432 |
| 1/1/79-1/1/80 | HEC 9802011 |
| 1/1/80-1/1/81 | HEC 9834171 |
| 1/1/81-1/1/82 | HEC 991128 |

59. Upon information and belief, Integrity issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/82-1/1/83 | XL 203722 |
| 1/1/83-1/1/84 | XL 203722 |
| 1/1/84-1/1/85 | XL 208216 |

60. Upon information and belief, Midland issued comprehensive general liability policies to Kentile. These policies are listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 1/1/77-1/1/78 | XL 152151 |
| 1/1/78-1/1/79 | XL 148308 |

61. Upon information and belief, Reliance issued one comprehensive general liability policy to Kentile. This policy is listed below by Policy Term and Policy Number.

| Policy Term | Policy Number |
|---|---|
| 3/1/93-3/1/94 | NGA 1493837 |

### IMPROPER REFUSALS TO DEFEND AND INDEMNIFY

62. Beginning in or about July 2003, American Home contributed to the defense and indemnification of Kentile under the terms of Policy BE 2730735.

63. In or around February 2007, American Home refused to further defend and indemnify Kentile under the terms of the Policy BE 2730735.

64. American Home has improperly claimed that Policy BE 2730735 has been exhausted by payment of sums for the defense and indemnification of Kentile.

65. American Home is obligated under the terms of Policy BE 2730735 to defend and indemnify Kentile until such time as Policy BE 2730735 exhausts by payment of indemnity on behalf of Kentile.

66. Beginning on or about July 2003, National Union contributed to the defense and indemnification of Kentile under the terms of Policy BE 1118800.

67. In or around January 2008, National Union announced its refusal to further defend and indemnify Kentile under the terms of the Policy BE 1118800.

68. National Union has improperly claimed that Policy BE 1118800 has been exhausted by payment of sums for the defense and indemnification of Kentile.

69. National Union is obligated under the terms of Policy BE 1118800 to defend and indemnify Kentile until such time as Policy BE 1118800 exhausts by payment of indemnity on behalf of Kentile.

70. Beginning on or about July 2003, Century contributed to the defense and indemnification of Kentile under the terms of Policy XBC 1710.

Supreme Court Records OnLine Library - page 23 of 30

71. In or around April 2004, Century refused to further defend and indemnify Kentile under the terms of the Policy XBC 1710.

72. Century has improperly claimed that Policy XBC 1710 has been exhausted by payment of sums for the defense and indemnification of Kentile.

73. Century is obligated under the terms of Policy XBC 1710 to defend and indemnify Kentile until such time as the limits of Policy XBC 1710 are exhausted.

74. Metex is required by law to contribute to the defense and indemnification of Kentile for damages paid to Subsequent Asbestos Claims.

75. Metex has improperly refused to contribute to the defense and indemnification of Kentile for Subsequent Asbestos Claims.

76. On or about March 26, 2008, National Fire was forced by the foregoing actions of American Home, National Union, and Century, as well as the improper refusals of other Defendants to contribute to the defense and indemnification of Kentile, to fund one hundred percent of the authorized costs incurred from and after March 26, 2008 in the defense of Kentile for Asbestos Claims and one hundred percent of the costs incurred for indemnification for settlements authorized after March 26, 2008 for Asbestos claims.

77. National Fire is entitled to recover from the defendants, except for the Unfunded Settlement Claimants, any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share.

### AS AND FOR A FIRST CAUSE OF ACTION
(Against all Defendants)

78. Plaintiff repeats and realleges each of the allegations set forth in Paragraphs 1 through 77 above.

79. Plaintiff seeks a judicial determination of the rights and duties of the Plaintiffs and Defendants with respect to an actual controversy arising out of the alleged insurance policies listed in paragraphs 42 through 61, hereof.

80. Upon information and belief, Kentile contends that Plaintiffs and the Insurer Defendants are obligated under the terms of their respective policies to provide coverage in connection with Asbestos Claims against Kentile such that Plaintiffs and Insurer Defendants are obligated to indemnify Kentile for the full amount of Kentile's alleged damages and for the costs paid by or on behalf of Kentile in defense of the Asbestos Claims to date, and to defend Kentile with respect to Asbestos Claims.

81. Upon information and belief, defendant Metex is liable to Plaintiffs and the Insurer Defendants for sums paid by Plaintiffs and the Insurer Defendants to indemnify Kentile for damages in connection with Subsequent Asbestos Claims.

82. To the extent that Plaintiffs and Defendants may be found liable to Kentile for defense and indemnity in connection with the Asbestos Claims, Plaintiffs are entitled to an apportionment of liability and reimbursement of any amounts paid in excess of their share pursuant to applicable law and the Plaintiffs' and Defendants' respective policies.

83. An actual justiciable controversy presently exists between the Plaintiffs and Defendants regarding the proper construction of the alleged insurance policies listed in paragraphs 42 through 61, hereof, and the rights and obligations of the parties with respect to the underlying Asbestos Claims.

### AS AND FOR A SECOND CAUSE OF ACTION
(Against Allianz, American Home, National Union, and Century)

84. Plaintiffs repeat and reallege each of the allegations set forth in Paragraphs 1 through 83 above.

85. Prior to the settlement of Asbestos Claims filed against Kentile by the Unfunded Settlement Claimants, defendants Allianz, American Home, National Union, and Century, as well as plaintiff National Fire, (hereafter "Authorizing Parties") agreed under the terms of their respective policies to authorize the payment of sums as damages to such claimants (hereafter "Individual Settlement Agreements").

86. Pursuant to the Individual Settlement Agreements, the Authorizing Parties agreed to pay a share of the amount paid to settle the claims of each of the Unfunded Settlement Claimants.

87. Prior to the filing of this Action, American Home entered into Individual Settlement Agreements under the terms of Policy BE 2730735 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and America Home has subsequently refused to pay the amount it authorized.

88. Prior to the filing of this Action, National Union entered into Individual Settlement Agreements under the terms of Policy BE 1118800 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and National Union has subsequently refused to pay the amount it authorized.

89. Prior to the filing of this Action, Allianz entered into Individual Settlement Agreements under the terms of Policy XL 559514 and Policy UL 558328 to authorize Kentile's defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Allianz has subsequently refused to pay the amount it authorized.

90. Prior to the filing of this Action, Century entered into Individual Settlement Agreements under the terms of Policy XBC 1710 and Policy XBC 41938 to authorize Kentile's

defense counsel to settle the Asbestos Claims of the Unfunded Settlement Claimants and Century has subsequently refused to pay the amount it authorized.

91. To the extent that Defendants Allianz, American Home, National Union, and Century have refused to pay the amounts authorized to settle the claims of the Unfunded Settlement Claimants, they have materially breached the terms of the Individual Settlement Agreements.

92. The material breaches, individually and collectively, by defendants Allianz, American Home, National Union, and Century of the Individual Settlement Agreements have caused the settlements of the Unfunded Settlement Claimants to be only partially funded.

93. Kentile and its defense of Asbestos Claims have been and will continue to be impaired as a result of the improper refusals by defendants Allianz, American Home, National Union, and Century, to pay the settlements authorized by the Individual Settlement Agreements.

94. Plaintiffs, the Insurer Defendants, and Metex have suffered and will continue to suffer damages as a result of the improper refusals of defendants Allianz, American Home, National Union, and Century to pay the settlements authorized by the Individual Settlement Agreements.

**WHEREFORE**, plaintiffs request that this Court declare and adjudge:

A. that the Insurer Defendants have improperly refused to defend and indemnity Kentile under the terms of their respective insurance policies;

B. that the Insurer Defendants must continue to defend and indemnity Kentile under the terms of their respective insurance policies

C. that defendant Metex must defend and indemnify Kentile;

D.  that the Insurer Defendants and defendant Metex must pay the sums, including attorneys' fees, interest and litigation expenses incurred in defending Kentile, and payments made or to be made to claimants against Kentile as a result of those defendants' improper refusals to indemnify and defend Kentile;

E.  that defendants Allianz, National Union, American Home, and Century breached the Individual Settlement Agreements;

F.  that defendants Allianz, National Union, American Home, and Century are obligated under the terms of the Individual Settlement Agreements to pay their pro-rata, by time-on-the-risk, share of all authorized settlements;

G.  that plaintiff National Fire is not obligated to pay the outstanding balances owed by Kentile on all claims held by the Unfunded Settlement Claimants which represent the amounts authorized by defendants Allianz, National Union, American Home, and Century under the terms of the Individual Settlement Agreements;

H.  that plaintiff National Fire is entitled to recover any and all amounts paid by National Fire for the defense and/or indemnification of Kentile in excess of National Fire's rightful share together with interest and costs;

I.  that plaintiffs have such other, different and further relief as the Court may deem necessary and proper.

Dated: April 17, 2008

**FORD MARRIN ESPOSITO WITMEYER
& GLESER, L.L.P.**

By: *[signature: Edward M. Pinter]*
Edward M. Pinter
Wall Street Plaza
New York, New York 10005-1875
(212) 269-4900
*Attorneys for Plaintiffs National Fire Insurance
Company of Hartford, as successor by merger to
Transcontinental Insurance Company, and
Continental Insurance Company, as successor-in-
interest to certain policies issued by Harbor
Insurance Company*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X

NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, as successor by merger to
TRANSCONTINENTAL INSURANCE COMPANY;
TRANSCONTINENTAL INSURANCE COMPANY;
CONTINENTAL INSURANCE COMPANY, as
successor-in-interest to certain policies issued by
HARBOR INSURANCE COMPANY,

                              Plaintiff,

                  -against-

TRAVELERS CASUALTY AND SURETY COMPANY,
formerly THE AETNA CASUALTY AND SURETY
COMPANY, et. al;

                              Defendant.

----------------------------------------X

Index No.:

**COMPLAINT FOR DECLARATORY JUDGMENT AND FURTHER RELIEF**

FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.
WALL STREET PLAZA
NEW YORK, N.Y. 10005-1875

(212) 269-4900