**REED SMITH LLP**
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 521-5400
*Attorneys for Defendant*
*Metex Mfg. Corporation.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to TRANSCONTINENTAL INSURANCE COMPANY; CONTINENTAL INSURANCE COMPANY, as successor-in-interest to certain policies issued by HARBOR INSURANCE COMPANY; | : : : : : : : : : | Civil Action No. 08 Civ. 5504 (LAK) |

Civil Action No. 08 Civ. 5504 (LAK)

**ANSWER, COUNTERCLAIMS AND CROSS-CLAIM OF DEFENDANT METEX MFG. CORPORATION**

Plaintiffs,

- against -

TRAVELERS CASUALTY AND SURETY COMPANY, formerly THE AETNA CASUALTY AND SURETY COMPANY; FIREMAN'S FUND INSURANCE COMPANY; ALLIANZ GLOBAL RISKS US INSURANCE COMPANY; HARTFORD ACCIDENT AND INDEMNITY COMPANY; CENTURY INDEMNITY COMPANY, as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA; ACE PROPERTY AND CASUALTY INSURANCE COMPANY, formerly CIGNA PROPERTY AND CASUALTY INSURANCE COMPANY, formerly AETNA INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; AMERICAN HOME ASSURANCE COMPANY; GRANITE STATE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; FEDERAL INSURANCE COMPANY; TRANSPORT INSURANCE COMPANY; TIG INSURANCE COMPANY, as successor by merger to INTERNATIONAL INSURANCE COMPANY; ROGER A. SEVIGNY, the

Commissioner of Insurance of the State of New :
Hampshire, as Liquidator of THE HOME :
INSURANCE COMPANY; STEVEN M. :
GOLDMAN, the Commissioner of Banking :
and Insurance of the State of New Jersey, as :
Liquidator of INTEGRITY INSURANCE :
COMPANY; ERIC R. DINALLO, :
Superintendent of Insurance of the State of New :
York, as Liquidator of MIDLAND :
INSURANCE COMPANY, JOEL ARIO, :
Acting Insurance Commissioner of the State of :
Pennsylvania, as Liquidator of RELIANCE :
INSURANCE COMPANY; JOANNE DOES, :
THIRD-PARTY LIABILITY INSURERS, :
being carriers other than the aforenamed who :
issued third-party liability insurance to :
KENTILE FLOORS, INC.; KENTILE :
FLOORS, INC.; METEX MFG. :
CORPORATION; JOHN LESLIE ALLEN; :
CARL BEEL; GILBERT CARRIZALES; :
ESTATE OF MARIA CAVALLINI; JOHN :
CAVOUNIS; ROBERT CLARK; ROBERT :
DEGLAU; SUSANNE DELISLE; JOHN :
DURO; ESTATE OF HAROLD ELSNER; :
EMILY FABINIAK; ANGEL FERNANDEZ; :
ESTATE OF RICHARD FINDLAY; :
WILLIAM GALANIS; ESTATE OF :
CHESTER GIESE; ESTATE OF ORVILLE :
GROOTEMAAT; ROBERT GUNDERSON; :
ESTATE OF EDSEL HANKA; HARVEY :
HELFAND; ESTATE OF VIRGIL HORNER; :
GILBERT IEM; ESTATE OF RICHARD :
JEFFERS; HUBERT JOHNSTON; ROBERT :
KENNEMORE; ESTATE OF BERNHARDT :
KOEPPEN; ESTATE OF RUDOLPH :
KOLETIC; WALTER KONWAY; GEORGE :
LACKMAN; ESTATE OF EMIL LAUF; F. :
LEE LAWRENCE; ESTATE OF WILLIAM :
LEITZEL; ESTATE OF FRANK LONGO; :
RONALD MATA; ESTATE OF BRUCE :
MAYNARD; PHILLIP MAZZOCCHI; JOHN :
MCTAGGART; ESTATE OF GEORGE :
MEANOR; CHARLES MILLER; ESTATE OF :
PETER MISHKO; JACK NACHT; ESTATE :
OF NICHOLAS PALAZZO; JOHN PALL; :
THOMAS PAWLOWSKI; ESTATE OF :
HOWARD PRATT; WILLIAM PURCELL; :
ESTATE OF EDWARD PUTLOCK; JOHN :
RHEIN; ESTATE OF CLAY RICH; ESTATE :
OF LEON ROBERTS; BENITO ROSALES; :
ESTATE OF RAYMOND ROSWELL; :
ESTATE OF HOWARD SCHOENFELD; :
ESTATE OF MARIE SCHONS; STEPHEN

SCHWARTZ; EDWARD SEDLACEK;
ESTATE OF MORRIS SEGAL; ESTATE OF
RICHARD SHANK; ESTATE OF GEORGE
SHEPARD; CHARLES SHULL; CARL
SOBCZAK; MARILYN STRATTON;
ESTATE OF CARL STUDE; ESTATE OF
FLORENCE THOMPSON; JAMES
URBACH; ROSE MARY VICARI;
ALBERTO VULTAGGIO; JACK WADE;
JAMES WEESE; HOWARD WENZEL;
ESTATE OF GEORGE WILENT; ESTATE
OF VICTOR YANNOTTI; SYDNEY ZIFF;
and JOHN DOES, ASBESTOS CLAIMANTS,
being individuals other than the aforementioned
who settled Asbestos Claims with KENTILE
FLOORS, INC., but whose settlements have
not been fully funded,

        Defendants.

      Defendant Metex Mfg. Corporation ("Metex"), by its undersigned counsel, hereby answers the allegations of Plaintiffs' First Amended Complaint for Declaratory Judgment and Further Relief (the "Amended Complaint") and respectfully alleges as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint, except admits that Plaintiffs purport to seek declaratory relief in this action.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 22 of the Amended Complaint.

      4.     Denies the allegations set forth in paragraphs 23 and 24 of the Amended Complaint, except admits that Kentile Floors, Inc. filed its voluntary petition for reorganization purusuant to Chapter 11 of the United States Bankruptcy Code with the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and by order of the Bankruptcy Court dated December 10, 1998 and docketed on December 15, 1998 (the "Confirmation Order"), the Bankruptcy Court confirmed the First Amended Joint Plan of Reorganization of the Debtor and the Official Unsecured Creditors Committee (the "Plan"); the Plan thereafter became effective and Metex is the reorganized debtor.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

6.      Neither admits nor denies the averments of paragraphs 26, 27 and 28 of the Amended Complaint, which set forth legal conclusions as to which no response is required.

7.      Denies the allegations set forth in paragraph 29 of the Amended Complaint, except admits that prior to the confirmation of the Plan, Kentile Floors, Inc. was a manufacturer of floor tiles and is the entity to whom the insurance policies referred to in paragraph 29 of the Amended Complaint were issued.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint to the extent it refers to any party other than Metex.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 31 and 32 of the Amended Complaint.

10.     Admits the truth of the allegations set forth in paragraphs 33, 34 and 35 of the Amended Complaint.

11.     Denies the allegations set forth in paragraph 36 of the Amended Complaint except admits that Metex is the reorganized debtor in the Bankruptcy Case.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint except admits that since confirmation of the Plan, numerous individuals and entities have filed Asbsestos Claims against Kentile Floors, Inc.

13.     Neither admits nor denies paragraph 38 of the Amended Complaint, and respectfully refers to the language of the Plan for the provisions thereof.

14.     Denies the allegations set forth in paragraph 39 of the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

16.     Denies the allegations set forth in paragraph 41 of the Amended Complaint and respectfully refers to the provisions of the Plan and Confirmation Order.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 42 though 73 of the Amended Complaint.

18.     Denies the truth of the allegations set forth in paragraphs 74 and 75 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

20.     Denies the allegations set forth in paragraphs 77 and 78 of the Amended Complaint to the extent those allegations purport to be directed at Metex or to the extent such allegations purport to implicate Metex, and denies knowledge or information sufficient to form a belief as to the truth of such paragraphs to the extent they are directed at or implicate other defendants.

21.     In response to paragraph 79, repeats and realleges each of the allegations and averments set forth herein above in response to paragraphs 1 through 78 of the Amended Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint, except admits that Plaintiffs purport to seek a judicial determination.

23.     Denies the factual allegations set forth in paragraphs 81, 82, 83 and 84 of Amended Complaint and neither admits nor denies the allegations of such paragraphs to the extent each sets forth a summary of legal arguments.

24.     In response to paragraph 85, repeats and realleges each of the allegations and averments set forth herein above in response to paragraphs 1 through 84 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 86 through 95 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.     The Amended Complaint fails to set forth a claim upon which this Court can grant relief.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.     The claims set forth against Metex have been discharged in the bankruptcy case of *In re Kentile Floors, Inc., Debtor*.  Chapter 11 Case No. 92B 46466 (BRL)) (the "Bankruptcy Case"), and the Plan confirmed therein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     The claims asserted in the Amended Complaint have been fully determined by a final order of the Bankruptcy Court entered in the Bankruptcy Case and that

determination and the Bankruptcy Court's orders are entitled to *res judicata* and collateral estoppel effect.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.    The claims asserted in the Amended Complaint are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.    The claims asserted in the Amended Complaint are barred by the doctrines of laches and estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.    The Plaintiffs are precluded from obtaining the equitable relief requested in the Amended Complaint because they have unclean hands

WHEREFORE Defendant Metex respectfully demands the above-entitled action be dismissed with prejudice.

### METEX'S FIRST COUNTERCLAIM AND CROSS-CLAIM

(COUNTERCLAIM AGAINST NATIONAL FIRE AND CONTINENTAL, AND CROSS-CLAIM AGAINST TRAVELERS, FIREMAN'S FUND, ALLIANZ, HARTFORD, CENTURY, ACE P&C, NATIONAL UNION, AMERICAN HOME, GRANITE, LIBERTY MUTUAL, FEDERAL, TRANSPORT, TIG, SEVIGNY AS LIQUIDATOR OF HOME, GOLDMAN AS LIQUIDATOR OF INTEGRITY, DINALLO AS LIQUIDATOR OF MIDLAND, AND ARIO AS LIQUIDATOR OF RELIANCE FOR DECLARATION OF INSURANCE COVERAGE AND BREACH OF DUTY TO DEFEND)

32.    Metex repeats and realleges paragraphs 1 through 31 of this Answer as though fully set forth herein.

33.    Metex avers that, pursuant to the terms of the Plan and pursuant to law, Metex has no liability for any of the Asbestos Claims and all such Claims are channeled, as

their exclusive remedy, to the liability insurance policies sold by Plaintiffs and the Insurer Defendants including, without limitation, the insurance policies listed in paragraphs 42 through 61 of the Amended Complaint (the "Insurance Policies").

34.    In the event that a determination is made by this or any Court that Metex has any liability for any Asbestos Claim for any reason, Metex seeks a declaration that (i) it has residual rights in the Insurance Policies, (ii) Metex's liabilities, if any, with respect to the Asbestos Claims are covered by the Insurance Policies, and (iii) Plaintiffs and the Insurer Defendants owe Metex a complete defense and complete indemnity with respect to all such Asbestos Claims under the Insurance Policies.

35.    In the event that Metex is determined to have any liability with respect to the Asbestos Claims, Metex is entitled to a judgment against Plaintiffs and the Insurer Defendants determining and declaring that Plaintiffs and the Insurer Defendants are obligated to defend Metex with respect to the Asbestos Claims and pay any indemnity costs due from Metex, under the terms of their respective Insurance Policies.

## METEX'S SECOND COUNTERCLAIM

(AGAINST NATIONAL FIRE AND CONTINENTAL FOR BAD FAITH)

36.    Metex repeats and realleges paragraphs 1 through 35 of this Answer as if fully set forth herein.

37.    Under their respective insurance policies, in the event the Metex is found liable for any of the Asbestos Claims, National Fire and Continental have no arguable basis upon which to refuse to defend and provide coverage to Metex for the Asbestos Claims, including, but not limited to, attorneys' fees, interest and litigation expenses incurred in

defending Metex in the Asbestos Claims, and payments made or to be made to holders of Asbestos Claims against Metex.

38.     National Fire's and Continental's bringing of this lawsuit against Metex and naming underlying Asbestos Claimants in the lawsuit constitutes a disingenuous and bad faith attempt by National Fire and Continental to shift liability that, pursuant to the Insurance Policies that they sold, rests solely with National Fire and Continental, onto Metex thus creating and increasing Metex's liability for their own gain.

39.     By reason of the foregoing, Metex is entitled to payment of reasonable attorneys' fees incurred in connection with the defense of this lawsuit and prosecution of its counterclaims and cross-claim and damages to be determined at trial together with such other and further relief as may be determined by the court.

## **THIRD CLAIM FOR RELIEF**

(COUNTERCLAIM AGAINST NATIONAL FIRE AND CONTINENTAL FOR

TORTIOUS INTERFERENCE WITH CONTRACT)

40.     Metex repeats and realleges paragraphs 1 through 39 of this Answer as if fully set forth herein.

41.     The Plan is a binding contract between Kentile Floors, Inc. and all other entities affected by the plan.

42.     At all relevant times, National Fire and Continental knew that, pursuant to the Plan, the Insurance Policies it sold (together with those Insurance Policies issued by the Insurer Defendants (or their predecessors) would provide the sole source of funds for distribution to creditors holding Asbestos Claims.

43.     By commencing this action, National Fire and Continental intentionally interfered with the operation of the Plan by maliciously seeking to negate the provisions of the Plan which obligate the National Fire, Continental, and Insurer Defendants to provide coverage for all Asbestos Claims against Kentile Floors, Inc.  In effect, National Fire and Continental seek to avoid the contractual and fiduciary obligations and wrongfully redirect holders of the Asbestos Claims to Metex.

44.     As a result of National Fire and Continental's intentional interference with the Plan in the bringing of the action, Metex has been and may be harmed by having holders of Asbestos Claims seek recoveries against Metex when, pursuant to the Plan, the sole source of any recovery to such holders of Asbestos Claims is from the Insurance Policies.

WHEREFORE, Metex requests that this Court enter judgment as follows:

A.   On the First Counterclaim and Cross-claim, in the event that Metex is determined to have any liability with respect to the Asbestos Claims, Metex is entitled to a judgment against Plaintiffs and the Insurer Defendants determining and declaring that Plaintiffs and the Insurer Defendants are obligated to defend Metex with respect to the Asbestos Claims and pay any indemnity costs due from Metex, under the terms of their respective Insurance Policies, together with the costs, including attorneys fees, and interest incurred by Metex in this action and such other and further relief as the Court deems just and proper.

B.   On the Second Counterclaim, compensatory and exemplary damages in an amount sufficient to make Metex whole as well as  punish and make an example of National Fire and Continental, together with the costs, including attorneys fees, and

interest, incurred by Metex in this action and such other and further relief as the Court deems just and proper.

C.   On the Third Counterclaim, compensatory and exemplary damages in an amount sufficient to make Metex whole as well as   punish and make an example of National Fire and Continental, together with the costs, including attorneys fees, and interest, incurred by Metex in this action and such other and further relief as the Court deems just and proper.

Dated:   June 19, 2008
`            New York, New York

                                    Respectfully submitted,

                                    REED SMITH LLP

                                    By:___*s/ Michael J. Venditto*_____
                                            Michael J. Venditto (MV6715)
                                            Paul Breene
                                            Mark D. Silverschotz
                                    599 Lexington Avenue
                                    New York, NY 10022
                                    Tel.(212) 521-5400
                                    Fax (212) 521-5450
                                    *Attorneys for Defendant*
                                    *Metex Mfg. Corporation*

**CERITIFCATE OF SERVICE BY MAIL**

       **Michael J. Venditto**, certifies the following to be true under penalty of perjury:

       I am an attorney and member of the law firm of Reed Smith, LLP, 599 Lexington Avenue, New York, New York 10022.

       On June 19, 2008, I caused to be saerved the ANSWER, COUNTERCLAIMS AND CROSS-CLAIM OF DEFENDANT METEX MFG. CORPORATION by enclosing same in a post-paid wrapper, in an office depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following persons at the last known address set forth after each name below:

       Edward M. Pinter, Esq.
       Ford Marrin Epstein Witmeyer & Gleser
       Wall Street Plaza
       New York, NY 10005-1875

Dated:  New York, New York
     June 19, 2008                  s/ Michael J. Venditto
                                    Michael J. Venditto